844 F.2d 789
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel Browning, d/b/a Daniel Browning Excavating Co.;
Linda Browning, Plaintiffs-Appellants,
v.
Craig R. Pendleton, et al., Defendants-Appellees.
 No. 86-4123.
 United States Court of Appeals, Sixth Circuit.
 April 8, 1988.
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, C-1-85-1166
 Before LIVELY, Chief Judge; GUY, Circuit Judge; and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from judgment for the defendants in an action pursuant to 42 U.S.C. § 1983. The district court held that Ohio's one-year statute of limitations for intentional torts barred this action, which was filed between one and two years after the cause of action accrued. The plaintiffs argue that at the time their cause of action accrued a four-year statute of limitations would have been applicable. The plaintiffs recognize that the Supreme Court's decision in Wilson v. Garcia, 471 U.S. 261 (1985), directed that a single statute of limitations must apply to all section 1983 actions. They argue, however, that this court's determination that Ohio's one-year statute of limitations applies to section 1983 actions should not be applied retroactively because to do so would create an inequitable result in this case. The plaintiffs contend that all of the factors identified by the Supreme Court in Chevron Oil Co. v. Huson, 404 U.S. 97 (1971), apply in this case to dictate that Wilson v. Garcia and this court's decision in Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, 476 U.S. 1174 (1986), should not be applied retroactively.
 
 
 2
 The plaintiffs also argue that this court has acted inconsistently by applying the one-year Ohio statute for intentional torts rather than the two-year statute for negligence actions resulting in bodily injury in view of the fact that the court applied a general negligence statute providing a three-year limitations period in a case from Michigan. See Carroll v. Wilkerson, 782 F.2d 44 (6th Cir.), cert. denied sub nom. County of Wayne v. Carroll, 107 S.Ct. 330 (1986).
 
 
 3
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the plaintiffs' arguments are negated by recent opinions following Mulligan v. Hazard. See Vodila v. Clelland, 836 F.2d 231 (6th Cir.1987); Thomas v. Shipka, 829 F.2d 570 (6th Cir.1987) (opinion on rehearing); Demery v. City of Youngstown, 818 F.2d 1257, 1264 (6th Cir.1987) (opinion on rehearing). We find that this court has given full consideration to the very arguments made by the plaintiffs in this case and has rejected them in favor of its determination that the Ohio one-year statute of limitations applies to section 1983 cases and that Wilson v. Garcia should be applied retroactively.
 
 
 4
 Plaintiffs also sought to sue the state defendants in this case by means of a direct action under the Constitution, on the theory that Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), permits such an action. In Bivens the defendants were federal officials to whom section 1983 has no application. Our first opinion in Thomas v. Shipka, 818 F.2d 496 (6th Cir.1987), forecloses this argument. In Shipka we held that "in cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged unconstitutional violations." Id. at 499.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Avern Cohn, Judge, United States District Court for the Eastern District of Michigan, sitting by designation