## Bojac Corp. v. Kutevac
*[Cite as 7 AOA 479]*

*Case No. 89-T-4308*
*Trumbull County, (11th)*
*Decided October 26, 1990*

*Michael D. Rossi, 151 East Market Street, P.O. Box 4270, Warren, Ohio 44482, for Plaitiff-Appellants.*

*Dennis Watkins, Trumbull County Prosecutor and James J. Misocky, Assistant Prosecutor, 160 High Street, N.W., Warren, Ohio 44481, for Defendant-Appellee.*

CACIOPPO, J.

Appellants, Bojac Corporation and Bojac Management Corporation, filed a complaint against appellee, Edward Kutevac, on May 10, 1993 in the Trumbull County Common Pleas Court. Edward Kutevac is the executive director of the Trumbull County Planning Commission. The complaint alleged that appellee was acting, at all times, in his official capacity, yet he was being sued individually rather than in his official capacity. The first claim was for civil rights violations pursuant to 42 U.S.C. Section 1983, and the second claim was for tortious business interference.

The complaint alleged that appellants' cause of action arose on August 15, 1906 which was more than two and one-half years prior to the filing of the lawsuit.

On July 21, 1989, appellee filed a motion to dismiss or, alternatively, for summary judgment based on the applicable statutes of limitation. By judgment entry dated September 26, 1989, the trial court dismissed the action on statute of limitations grounds. The civil rights claim was dismissed on the authority Of *Browning v. Pendleton* (C.A. 6, 1989), 869 F. 2d 909, and the tortious business interference claim was dismissed pursuant to R.C. 2744.04.

Appellant timely filed a notice of appeal with the following assignment of error:

"The trial court erred to the prejudice of Plaintiff-Appellants (*sic*), in granting Defendant-Appellee's Motion to Dismiss or, Alternatively, for Summary Judgment."

In the sole assignment of error, appellants contend that the trial court erred in granting appellee's motion to dismiss. Both claims that were dismissed will be addressed separately because they were dismissed for different reasons.

Appellants first argue that the civil rights claim should not have been dismissed because it is governed by Ohio's four-year residual statute of limitations for unspecified personal injury actions set forth in R.C. 2305.09(D) rather than the two-year statute of limitations for personal injury actions found in R.C. 2305.10.

Appellee asserts that the trial court correctly concluded that the two-year statute of limitations was applicable because of the holding in *Browning v. Pendleton, supra*. In that case, the Sixth Circuit Court of Appeals held that the appropriate statute of limitations for 42 U.S.C. Section 1983 civil rights actions arising in Ohio is set forth in R.C. 2305.10 which requires that the action be filed within two years of its accrual. *Id.* at 992.

Appellants claim that *Browning* is not dispositive of the issue in the instant cause. In *Browning*, the court was asked to choose between the one-year statute of limitations in R.C. 2305.11 and the two-year statute of limitations set forth in R.C. 2305.10. Therefore, appellants argue, the court did not have to consider the four-year statute of limitations found in R.C. 2305.09(D).

The *Browning* court based its decision on the United States Supreme Court's decision in *Owens v. Okure* (1989), 488 U.S. __, 102 L. Ed. 2d 594. There, the court stated:

"We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering Section 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 605-606.

Appellants' argument is well taken. R.C. 2305.11 addresses the statute of limitations question specifically for libel, slander, malicious prosecution, false imprisonment and malpractice. R.C. 2305.10 sets forth the statute of limitations solely for bodily injury or injury to personal property. R.C. 2305.09(D), however, sets forth the statute of limitations "for an injury to the rights of the plaintiff nor arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code."

It is clear that appellants' claim under Section 1983 does not fit into any of the categories of R.C. 2305.10 through R.C. 2305.12. It must, therefore, fall within the general or residual statute for personal injury actions, which is R.C. 2305.09(D). This is the most logical and appropriate result based on the United States Supreme Court holding in *Owens v. Okure, supra.*

R.C. 2305.09(D) provides for a four-year statute of limitations. Since appellants' civil rights claim was filed within four years of when the cause of action accrued, the trial court erred in dismissing appellants' Section 1983 claim.

The second argument that appellants present is that the trial court erred in dismissing their tortious business interference claim.

The complaint alleged that appellee, at all times relevant, was the executive director of the Trumbull County Planning Commission, acting in his official capacity. The complaint then stated that appellee was being sued individually rather than in his official capacity. The trial court determined that the activities of the Trumbull County Planning Commission, through its executive director, are a governmental function pursuant to R.C. 2744.01(F) and that lawsuits against them are governed by the two-year statute of limitations enunciated in R.C. 2744.04.

Appellants argue that appellee was sued individually because, although he was an employee of a political subdivision, he was acting outside the scope of his employment or with malicious purpose, bad faith, or in a wanton or reckless manner within the meaning Of R.C. 2744.03(A)(6)(a) and (b). Therefore, appellants claim that, instead of the two-year statute of limitations set forth in R.C. 2744.04(A) applying, the applicable statute of limitations is four years as set forth in R.C. 2305.09(D).

Appellants' argument is without merit. It is clear that the statute of limitations for suing a political subdivision is two' years. R.C. 2744.04(A). Following appellants' line of reasoning, however, an employee could be sued for an additional two-year period and the employer would have to pay for the defense and reimburse the employee for the judgment if the employee was found to be acting within the scope of his or per duties. See R.C. 2744, et seq. The legislature could not have intended such a result.

For the foregoing reasons, the trial court correctly concluded that appellants' tortious business interference claim was barred by the two-year statute of limitations found in Chapter 2744.

Appellants' first argument is well taken, but their second argument is without merit.

The decision of the trial court is affirmed in part, reversed in part, and remanded to the trial court with instructions to reinstate appellants' civil rights claim.

CHRISTLEY, P.J., and PRYATEL, J., concur.

PRYATEL, J., Ret., Eighth Appellate District, sitting by assignment.