14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Elaine DEATON, et al. Plaintiffs-Appellants,
v.
CITY OF DAYTON, et al. Defendants-Appellees.
 No. 92-4289.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1993.
 
 Before: MARTIN and BOGGS, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Elaine Deaton, Constance Hurrier, Geraldine Dzikowski, Virginia Bachelier, Kathleen Dewey, Marcella Tilford, Estelle Quallen, and Margaret Geis appeal the dismissal of their civil rights action brought pursuant to 42 U.S.C. Sec. 1983. The district court found that the plaintiffs' claims were barred by the two-year Ohio statute of limitations for personal injury actions. We affirm.
 
 
 2
 On March 24, 1989, the plaintiffs were arrested while engaging in an anti-abortion protest at the Dayton Women's Health Center in Kettering, Ohio. Plaintiffs allege that they were taken to the Dayton Human Rehabilitation Center and subjected to unlawful strip and body cavity searches. They subsequently filed suit against the city of Dayton, Superintendent Billy C. Russell of the Rehabilitation Center, and various unnamed defendants on April 7, 1992, more than three years after the alleged incident.
 
 
 3
 In Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc), this Court held that civil rights actions arising in Ohio must be brought within two years of their accrual, pursuant to Ohio Rev.Code Sec. 2305.10. In reaching this conclusion, the Browning court relied on Wilson v. Garcia, 471 U.S. 261 (1985) (single state personal injury statute of limitations must be borrowed for Sec. 1983 purposes), and Owens v. Okure, 488 U.S. 235, 239 (1989) (if multiple state personal injury statutes exist, court must borrow general or residual unintentional tort statute). In Browning, 869 F.2d at 991, we equated the general, unintentional personal injury cause of action referred to by the Supreme Court with the general, unintentional "bodily injury" cause of action in Ohio Rev.Code Sec. 2305.10. This statute, as stated above, carries a two-year statute of limitations. Plaintiffs' cause of action accrued on March 24, 1989. See Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984) (accrual occurs when plaintiff knows or has reason to know of injury that is basis of his action). As plaintiffs did not file their complaint until more than three years after that date, their action is barred by the statute of limitations.
 
 
 4
 Plaintiffs argue strenuously that this Court is bound by the decision in Bojac Corp. v. Kutevac, 64 Ohio App.3d 368 (1990), which held that Ohio Rev.Code Sec. 2305.09 was the applicable general personal injury statute for civil rights actions, rather than Sec. 2305.10. Section 2305.09 provides for a four-year statute of limitations. Plaintiffs' contention is without merit.
 
 
 5
 When federal courts borrow state statutes of limitations for Sec. 1983 claims, it is well settled that "the problem of characterization 'is ultimately a question of federal law.' " Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 183 (6th Cir.1990) (quoting Wilson, 471 U.S. at 269-70 (emphasis added)). The Sixth Circuit, following Owens and Wilson, has repeatedly characterized Sec. 2305.10, with its two-year statute of limitations, as the applicable Ohio personal injury statute for Sec. 1983 civil rights actions. See, e.g., Browning, 869 F.2d at 990; and Farber v. Massillon Board of Education, 917 F.2d 1391, 1400 (6th Cir.1990), cert. denied, 498 U.S. 1082 (1991). Plaintiffs' claims are therefore barred.
 
 
 6
 For the foregoing reasons, the decision of the district court is affirmed.
 
 
 7
 JOINER, Senior District Judge, concurring.
 
 
 8
 I concur in the affirmance of the district court's judgment, recognizing that Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc), binds this panel, and requires the application of Ohio's two-year statute of limitations. However, Browning did not consider adoption of the statute advanced by plaintiffs.[1] I am persuaded that plaintiffs are correct in their contention that Ohio Rev.Code Sec. 2305.09 is the appropriate statute of limitations to apply to civil rights actions under 42 U.S.C. Sec. 1983.
 
 
 9
 In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that Sec. 1983 actions are properly characterized under federal law as tort actions for personal injuries, explaining that the atrocities that led to the enactment of Sec. 1983 "plainly sounded in tort," and that a violation of a constitutional right is "an injury to the individual rights of the person," thus making the tort analogy appropriate. Id. at 277. Based upon this characterization, the Court affirmed the appellate court's application of the state's three-year statute for "injury to the person or reputation of any person." Id. at 280. Recognizing that Sec. 1983 provided a general remedy for injuries to personal rights, the Court stated that the relative scarcity of statutory claims when Congress enacted Sec. 1983 in 1871 made it "unlikely that Congress would have intended to apply the catchall periods of limitations for statutory claims that were later enacted by many States." Id. at 278.
 
 
 10
 While Wilson intended to eliminate the conflict among the lower courts in choosing the appropriate statute of limitations for Sec. 1983 actions, the decision simply narrowed the conflict to a different arena. The next question confronted by courts was which personal injury statute of limitations should be borrowed for Sec. 1983 suits. Owens v. Okure, 488 U.S. 235 (1989), answered that question, holding that in a state which has more than one personal injury statute, the general or residual statute governing personal injury actions is to be applied:
 
 
 11
 Some States have a general provision which applies to all personal injury actions with certain specific exceptions. Others have a residual provision which applies to all actions not specifically provided for, including personal injury actions. Whichever form they take, these provisions are easily identifiable by language or application. Indeed, the very idea of a general or residual statute suggests that each State would have no more than one.
 
 
 12
 488 U.S. at 246-48 (footnotes omitted). Attempting to clarify its earlier rejection of "catchall" statutes of limitations, the Court stated:
 
 
 13
 Our decision today is fully consistent with Wilson 's rejection of a state residual, or "catchall," limitations provision as the appropriate one for Sec. 1983 actions. 471 U.S., at 278. In Wilson, we rejected recourse to such provisions in the first instance, a position we continue to embrace. Courts should resort to residual statutes of limitations only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces, either explicitly or by judicial construction, unspecified personal injury actions.
 
 
 14
 Id. at 250 n. 12 (emphasis added).
 
 
 15
 Taken together, Wilson and Owens instruct that in determining the appropriate statute of limitations to borrow for Sec. 1983 actions, we are to start with the state statute of limitations for personal injury actions. If a state has more than one such statute, we are to apply the general or residual statute. To determine which statute falls into that category, we are to look at the express language of the statute and the manner in which it has been construed. The statute which embraces unspecified personal injury actions is the appropriate statute to borrow.
 
 
 16
 The two Ohio statutes of limitations at issue are Ohio Rev.Code Sec. 2305.10 (already selected by this court as the appropriate statute) and Sec. 2305.09. They provide in pertinent part as follows:
 
 
 17
 Sec. 2305.10 Bodily injury or injury to personal property.
 
 
 18
 An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.
 
 
 19
 Sec. 2305.09 Four years; certain torts.
 
 
 20
 An action for any of the following causes shall be brought within four years after the cause thereof accrued:
 
 
 21
 (A) For trespassing upon real property;
 
 
 22
 (B) For the recovery of personal property, or for taking or detaining it;
 
 
 23
 (C) For relief on the ground of fraud;
 
 
 24
 (D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code.
 
 
 25
 Subsection 2305.09(D)'s reference to actions for injuries to the rights of the plaintiff not enumerated in the designated sections expressly and unequivocally "embraces ... unspecified personal injury actions," Owens, 488 U.S. at 250 n. 12, and the statute has been so construed by the Ohio Supreme Court. In Yeager v. Local Union 20, 6 Ohio St.3d 369, 453 N.E.2d 666 (1983), the Ohio Supreme Court first recognized the tort of intentional infliction of emotional distress, and then was required to determine whether the plaintiff's action was time-barred. The answer to this issue was easily determined: because "the tort of intentional infliction of serious emotional distress [was] not listed in any of the sections referred to in R.C. 2305.09, the applicable statute of limitations for this cause of action will be four years." 453 N.E.2d at 672.
 
 
 26
 More recently, the Ohio Supreme Court was required to decide whether an attorney's negligence claims against a publisher of legal forms was governed by Sec. 2305.09 or Sec. 2305.10. Lawyers Cooperative Publishing Co. v. Muething, 603 N.E.2d 969 (Ohio 1992). After examining the provisions of both, the court stated that it was required to ascertain whether the plaintiff's claims fell within Sec. 2305.10. Implicit in this analysis was the court's recognition that Sec. 2305.09(D) would apply only if one of the statutes listed therein did not. Turning its focus then to Sec. 2305.10, the court concluded that the attorney's cause of action for damage to his law practice was an action for injury to personal property, and that his negligence claim was an action for "bodily injury," making both claims subject to Sec. 2305.10. Critical to the court's determination of the negligence claim was its recognition that no recovery was possible unless the plaintiff first proved that he had feared or seen physical consequences or quantifiable physical loss, i.e., "bodily injury" within the meaning of Sec. 2305.10. 603 N.E.2d at 974-75.
 
 
 27
 Both Yeager and Muething demonstrate that Sec. 2305.09 is Ohio's residual statute of limitations for personal injury actions. Based on Owens, Sec. 2305.09 is the correct statute to borrow for civil rights actions under 42 U.S.C. Sec. 1983. The only court, state or federal, to have expressly considered the residual nature of Sec. 2305.09 agrees. Bojac Corp. v. Kutevac, 64 Ohio App.3d 368, 581 N.E.2d 625 (1990).[2]
 
 
 28
 Finally, the propriety of adopting Sec. 2305.09 as the statute applicable to Sec. 1983 claims is in no way undercut by this court's decision in Collard v. Kentucky Board of Nursing, 879 F.2d 179 (6th Cir.1990). There the court rejected a Kentucky statute applicable to actions for injuries to the rights of plaintiffs in favor of Kentucky's "personal injury" statute of limitations, stating that in the interest of simplicity and uniformity, the Supreme Court designated "personal injury" statutes as the benchmark. Id. at 182. Such a facile solution is not available in Ohio, where there is no general "personal injury" statute, and the choice is between a "personal rights" statute and a "bodily injury" statute. As the Supreme Court recognized in Wilson, Sec. 1983 "confer[s] a general remedy for injuries to personal rights." 471 U.S. at 278.
 
 
 29
 For these reasons, I am persuaded that the plaintiffs are correct in their assertion that Sec. 2305.09 is the correct statute to borrow in Sec. 1983 cases.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The choice in Browning was between the two-year statute, Ohio Rev.Code Sec. 2305.10, and the one-year statute, Sec. 2305.11. As far as can be discerned from the decisions of this court, the applicability of Sec. 2305.09 was neither argued in Browning nor decided sub silentio. See Browning v. Pendleton, 1988 WL 31141, 1988 U.S.App. LEXIS 4510 (6th Cir.1988)
 
 
 [2]
 The wisdom of adopting Sec. 2305.09 is neither enhanced by, nor detracted from, the litany of cases cited by defendants and alluded to by the panel decision. This court has spoken in Browning, binding subsequent panels in this court and all of the district courts. In none of the Ohio cases relied upon by the defendants was the issue under consideration here advanced or decided