KONCSOL et al., Appellants,

v.

CITY OF NILES, Appellee.

[Cite as *Koncsol v. Niles* (1995), 105 Ohio App.3d 535.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 95–T–5192.

Decided Aug. 7, 1995.

*McLaughlin, McNally & Carlin* and *John A. McNally III,* for appellants.

*Gian M. De Caris,* for appellee.

_____

CHRISTLEY, Judge.

This is an accelerated calendar appeal from the Trumbull County Court of Common Pleas wherein the judge granted defendant-appellee's motion to dismiss pursuant to R.C. 2744.02.

On or about April 3, 1990, Tracy and DeWayne Koncsol, appellants, were driving their car on North Main Street, a two-lane public street in Niles, Ohio, when an accident occurred. Appellants filed a complaint on February 28, 1994. Count 1 alleged that Tracy's injury was due to the negligence of the city of Niles, appellee, in failing to keep Main Street open, in good repair, and free of nuisance due to a manhole protruding out of the street. Appellant Tracy Koncsol suffered physical injuries and incurred $25,000 in medical expenses and $5,000 in additional expenses.

Count 2 of the complaint alleged a claim for loss of services on behalf of DeWayne Koncsol.

Appellee's answer denied the allegations of negligence and set up five affirmative defenses, including that appellant's action was barred by the applicable statute of limitations.

On December 18, 1994, appellee filed a motion to dismiss pursuant to R.C. 2744.02(A), claiming that appellants were barred from making a claim brought later than two years after the cause of action arose. To that end, it argued that the complaint was filed one year and eleven months too late.

Appellants subsequently filed a motion in opposition to appellee's motion to dismiss, stating that the applicable statute of limitations for the case was six years or, in the alternative, four years. Appellants argued that R.C. 2744.04(A) was but one statute of limitations for a political subdivision and that the court also needed to consider the others, namely, R.C. 2305.05 and 2305.09.

The trial court granted appellee's motion to dismiss under R.C. 2744.04(A), indicating that the action had been brought outside of the applicable statute of limitations. The court held that the controlling statute was R.C. 2744.04 because the claim was one of negligence based on the omission of a city to keep the street in good repair. Therefore, the two-year statute of limitations applied, and the case was dismissed as being untimely filed.

Appellants timely appeal the granting of appellee's motion to dismiss and assert the following as error:

"The trial court erred to the prejudice of Plaintiffs–Appellants by granting Defendant–Appellee's Motion to Dismiss the claim as not having been brought within the two (2) year negligence statute of limitations as found at Section 2744.04(A) of the Ohio Revised Code."

Appellants contend that the applicable statute of limitations was either six years, pursuant to R.C. 2305.07, or, in the alternative, four years, pursuant to R.C. 2305.09(D).

R.C. 2305.07 states:

"Except as provided in section[s 126.301 and] 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a *liability created by statute* other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." (Emphasis added.)

Appellants claim that, because their cause of action was created by statute in R.C. 723.01,[1] the six-year statute of limitations expressed in R.C. 2305.07 should apply. They claim that this statute creates an exception due to sovereign immunity and, therefore, any resulting cause of action arises by statute.

Under this same theory, they alternatively assert that appellee's liability was created by statute in R.C. 2744.02(B)(3).[2]

However, it is clear to this court that R.C. 2305.07 pertains to contracts not in writing, not tort claims.

Next, appellants argue that if this court finds that the six-year statute of limitations for breach of statutory duty does not apply, then the minimum appropriate period of limitations should be four years for nuisance under R.C. 2305.09(D).[3]

---

1. R.C. 723.01 states that "a municipal corporation shall have the care, supervision, and control of the public highways, streets, [and] avenues * * * within the municipal corporation, and the municipal corporation shall cause them to be kept open, in repair, and free from nuisance."

2. R.C. 2744.02(B)(3) states: "(B) Subject to section 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury * * * caused by an act or omission of the political subdivision[s] * * * as follows: (3) * * * [P]olitical subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, [and] avenues * * * within the political subdivision[s] open, in repair, and free from nuisance * * *."

3. Former R.C. 2305.09(D) provided a four-year limit "[f]or an injury to the rights of plaintiff not arising on contract nor enumerated in section 2305.10 to 2305.12, inclusive, 2305.14, and 1304.29 of the Revised Code." 129 Ohio Laws 13.

Appellants argument is that under R.C. 723.01 and 2744.02(B)(3), appellee, as a municipal corporation, had a duty to keep its public streets open, in repair, and free from *nuisance.*

However, R.C. 2305.09(D) clearly states that the four-year statute of limitations is *inapplicable* to a case which is enumerated in R.C. 2305.10.

R.C. 2305.10 states, in part, "An action for *bodily injury* or injuring personal property *shall be brought within two years after the cause thereof arose.*" (Emphasis added.) Appellants' case clearly falls within this section since it involves bodily injury. See *Bojac Corp. v. Kutevac* (Oct. 29, 1990), 64 Ohio App.3d 368, 370, 581 N.E.2d 625, 626–627.

Thus, neither R.C. 2305.07 nor 2305.09(D) applies to this case, and the cause of action is governed by R.C. Chapter 2744, which reads at R.C. 2744.04(A):

"An action against a political subdivision to recover damages for injury, * * * allegedly caused by an act or omission in connection with a governmental or proprietary function, * * * shall be brought within two (2) years after the cause of action arose * * *."

As was previously discussed, a duty does exist for the municipal corporation to keep public streets open, in repair, and free from nuisance, under R.C. 723.01. Once that duty has been breached, R.C. 2744.02(B)(3) deals with a city's liability, stating that "[p]olitical subdivisions are liable for injury * * * to persons or property caused by their failure to keep public roads, highways, [and] streets * * * open, in repair, and free from nuisance."

This court has held that "the statute of limitations for suing a political subdivision is two years [under] R.C. 2744.04(A)." *Bojac Corp.*, at 371, 581 N.E.2d at 627. See, also, *Harvey v. Shoup* (Sept. 30, 1994), Portage App. No. 93–P–0118, unreported, 1994 WL 587818; and *Jurgle v. Howland Local Schools* (June 23, 1995), Trumbull App. No. 94–T–5110, unreported, at 3, 1995 WL 411840.

It is well established that specific statutory provisions prevail over conflicting general statutes. See, *e.g., State v. Chippendale* (1990), 52 Ohio St.3d 118, 120, 556 N.E.2d 1134, 1136–1137; *Shoup.*

R.C. 1.51 states:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

If the statutes are in conflict, either the more specific statute is to be relied upon or, the one more recently enacted. The more general statutes of limitations

such as those cited by appellants are "fallbacks" when there are no other sections to apply.

"A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable." *Andrianos v. Community Traction Co.* (1951), 155 Ohio St. 47, 44 O.O. 72, 97 N.E.2d 549, paragraph one of the syllabus.

The foregoing logic is particularly reinforced here since the right to sue a political subdivision is specifically granted in the companion section of R.C. 2744.02(B) in the same chapter of the Revised Code. Therefore, because R.C. 2305.09(D) is a general nuisance statute and there is a more specific statute on point, we are constrained to rely on the latter.

Also, this court notes that not only is R.C. Chapter 2744 more specific, but it was enacted subsequent to R.C. 723.01.

In sum, the provisions of R.C. 2744.04(A) apply, and we find appellant's assignment of error to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.