On this appeal from the judgment of Visiting Judge Ralph McAllister and a cross appeal on his order denying prejudgment interest, I concur in judgment only on appellant City of Cleveland's assignment of error numbers two and three and on appellee/cross appellant West 11th Street Limited Partnership's single assignment of error. I dissent in part on the City's assignment of error number one because the majority has applied basic rules of statutory construction in a manner contrary to law, effectively carving out an exception from R.C. 2744.04 for claims against a political subdivision that involve trespass underground.[1] I agree, however, that R.C. 2744.04 does not preclude the application of the continuing trespass/tort doctrine to a political subdivision because of the nature of the alleged tort.
R.C. 2744.04(A) provides:
 An action against a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, shall be brought within two years after the cause of action arose, or within any applicable shorter period of time for bringing the action provided by the Revised Code. This division applies to actions brought against political subdivisions by all persons, governmental entities, and the state. (Emphasis added).
Pursuant to R.C. 2744.01(G)(2)(d), the maintenance, destruction, operation, and upkeep of a sewer system is a proprietary function. An action to recover damages for injury to property caused by an act or omission in the maintenance and operation of a sewer system would be subject to the two-year-limitation period contained in R.C. 2744.04 (or a shorter period if provided elsewhere in the Revised Code).
Revised Code 2744.04 is a special provision governing political subdivision tort liability, and it prevails over general statutes of limitation. See Koncsol v. Niles (1995), 105 Ohio App.3d 535,664 N.E.2d 616. Koncsol applied the rule of statutory construction found at R.C. 1.51:
 If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.
The majority correctly concludes that R.C. 2744.04 applies and that it does not conflict with R.C. 2305.09, the general four-year-limitation period for certain actions in tort. Maj. Op. at 6 8. In spite of this conclusion, however, it determined to give effect to both and apply the discovery of wrongdoer exception for trespass underground found in R.C.2305.09[2] to actions against political subdivisions brought under Chapter 2744. Id. at 8-9. Giving effect to both statutes when they do not conflict turns this simple, basic rule of statutory construction on its head the exception found in R.C. 2305.09 cannot be read into R.C. 2744.04. As noted above, the two-year-limitation period begins to run from the point in time when the cause of action arose. Browning v. Burt (1993),66 Ohio St.3d 544, 558, 613 N.E.2d 993 (arose and accrued are synonymous for purposes of statutes of limitations).
Generally, a cause of action accrues at the time the wrongful act is committed. O'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84, 87, 4 Ohio B. Rep. 335, 337, 447 N.E.2d 727, 730; and Collins v. Sotka (1998),81 Ohio St.3d 506, 507, 692 N.E.2d 581, 582, citing Kunz v. Buckeye Union Ins. Co. (1982), 1 Ohio St.3d 79, 1 Ohio B. Rep. 117, 437 N.E.2d 1194. However, in situations where the wrongful act does not immediately result in injury or damage, strict application of the general rule can lead to an unjust result. Thus, to provide for a more equitable solution, this court, in accordance with its judicial authority, see O'Stricker v. Jim Walter Corp., paragraph one of the syllabus, has applied a discovery rule in numerous situations. See, also, Collins v. Sotka,81 Ohio St. 3d at 510, 692 N.E.2d at 584 (discovery rule adopted "to prevent inequities that occur when a statute of limitations is rigidly followed"). [Footnote omitted].
Harris v. Liston (1999), 86 Ohio St.3d 203, 205-206, 714 N.E.2d 377, cert. denied (2000), ___ U.S. ___, 120 S.Ct. 1555, 146 L.Ed.2d 461. In Harris, the Supreme Court applied the discovery rule to an action brought for damages to real property: The four-year statute of limitations of R.C. 2305.09(D) commences to run when it is first discovered, or through the exercise of reasonable diligence it should have been discovered, that there is damage to the property. Id. at 207.
As the majority correctly states, R.C. 2744.04 does not provide when a cause of action accrues for purposes of Chapter 2744. As such, it accrues at the time the wrongful act is committed — unless the act does not immediately result in injury or damage and application of the discovery rule is appropriate. Harris, supra. Assuming that the discovery rule announced in Harris also applies to R.C. 2744.04 in actions involving damage to real property, West 11th knew, or should have known, that the property had sustained damage in 1992 when the sewers began to seep again (after NEORSD allegedly stopped it) and the landfill began to emit hydrogen sulfide odors and combustible methane gas. While this accrual date would require West 11th to bring an action by 1994, the nature of the injury is one of continuing trespass, what is also referred to as a continuing tort.
The continuing trespass doctrine announced in Valley Railway Co. v. Franz (1885), 43 Ohio St. 623, 627, 4 N.E. 88, provides:
 [W]hen the owner of land rightly and lawfully does an act entirely on his own land, and by means of such act puts in action, or directs a force against, or upon, or that affects another's land, without such other's consent or permission, such owner and actor is liable to such other for the damages thereby so caused the latter, and at once a cause of action accrues for such damages; and such force, if so continued, is continued by the act of such owner and actor, and it may be regarded as a continuing trespass or nuisance.
As it has been applied in this state, the continuing trespass/tort doctrine allows an injured party to recover for a continuous and repetitious, injurious wrong where damages flow from the act as a whole, rather than from each individual injurious act, and where at least one of those acts occurred within the limitation period. See Wood v. American Aggregates Corp. (1990), 67 Ohio App.3d 41, 45, 585 N.E.2d 970; Boll v. Griffith (1987), 41 Ohio App.3d 356, 358, 535 N.E.2d 1375; see, also, Madvad v. Russell (Nov. 19, 1997), Lorain App. No. 96CA006652, unreported (in suit seeking civil damages for sexual abuse, the court concluded, in pertinent part, that the abuse was not a continuing tort because each act was separate); Spriestersbach v. Ohio Edison Co. (Nov. 1, 1995), Lorain App. No. 95CA6026, unreported (cause of action accrues when the trespass stops). While the tort may be considered continuing, courts in our state have concluded that the injured party may not recover for those damages falling outside of the limitation period because a new cause of action accrues each day that the condition exists. Wood, supra; Barr v. Ohio Edison Co. (Feb. 25, 1995), Summit App. No. 16629, unreported.
Under the application of the general discovery rule, West 11th's May 21, 1997 complaint would have been time barred but, because its allegations satisfy the elements of a continuing trespass, its evidence showing that the City's sewers were exfiltrating in 1996 allows it to recover for damages and loss to its property that accrued after May 21, 1995. It is unclear, however, how much of the $676,000 allocated by the judge to past damages is attributable to those suffered after May 21, 1995. I would, therefore, remand for a new trial on the issue of past damages only.
[1] It also potentially leaves this district in the precarious position of having to carve out additional exceptions for claims alleging injuries to mines and the wrongful taking of property, which may be brought against a political subdivision.
[2] If the action is for trespassing underground or injury to mines, or the wrongful taking of personal property, the causes thereof shall not accrue until the wrong-doer is discovered; nor, if it is for fraud, until the fraud is discovered.