## Wood v. American Aggregates Corp.
*[Cite as 2 AOA 549]*

*Case No. 89AP-656*
*Franklin County, (10th)*
*Decided March 22, 1990*

R.C. 2305.09

*Kemp, Schaeffer & Rowe CO., L.P.A., and Mr. Steven D. Rowe, for Appellants.*

*Roetzel & Andress, and Ms. Maryellen C. Spirito, for Appellee.*

McCORMAC, J.

Plaintiffs-appellants, French D. Wood, Sr., and Ruth Wood, appeal the trial court's judgment sustaining defendant-appellee American Aggregates Corporation's motion for summary judgment and assert the following assignments of error:

*"ASSIGNMENT OF ERROR NO. 1*

"A. The trial court erred in granting summary judgment to defendant-appellee in that defendant-appellee is guilty of a continuing nuisance which is governed by a twenty-one (21) year statute of limitations.

"B. Plaintiffs-appellants claims against defendant-appellee American Aggregates cannot be barred by an application of a non-retroactive standard in that the general rule in Ohio is that a decision of the Supreme Court overruling a former decision is retrospective in its operation.

"C. Plaintiffs-appellants should not be barred from asserting their claims against American Aggregates by the doctrine of laches."

On March 8, 1988, appellants instituted this action seeking monetary and injunctive

relief from appellee for the unreasonable use of underground water. Appellants are the owners of real property located in Grove City, Jackson Township, Ohio. In 1973, appellee began operating a sand, gravel and stone quarry also located in Jackson Township which uses a large quantity of water in its operation. Both properties are situated over a well-defined semi-artesian aquifer.

Originally, appellants obtained all their water needs from a well drilled into the aquifer underlying their property. Appellee also abstracted its needed water from this aquifer. Shortly after appellee commenced its quarry activities, appellants noticed a reduction in the quantity and quality of their underground water. Attempts to rectify this situation by drilling a new well proved fruitless. In 1980, appellants stopped using their well altogether when they moved from their Grove City home. Appellants claim that they were unable to sell their home because of the water problem and were eventually forced to have the home connected to Columbus city water when it became available in 1982.

Following a non-oral hearing, the trial court sustained appellee's motion for summary judgment. The trial court held that since the latest date that damages occurred was 1982, at the time appellants were connected to city water, appellant's claims were time barred by the four-year statute of limitations contained in R.C. 2305.09(B).

Initially it should be noted that summary judgment is appropriate only when, construing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. Civ. R. 56(C). With this standard in mind, we now address appellant's assignments of error.

By their first assignment of error, appellants argue that the trial court incorrectly applied R.C 2305.09(D), a four-year statute of limitations for property damages, to the instant action. Appellants contend that the action should be characterized as sounding in nuisance and therefore, a twenty-one year statute of limitations should apply.

A claim based upon a nuisance, which is continuing in nature, may be brought any time until the claim has ripened into a presumptive right by adverse possession. *Valley Railway Co.* v. *Franz* (1885), 43 Ohio St. 623. R.C. 2305.04 provides a twenty-one year statute of limitations applicable to the recovery to real estate by adverse possession. *Bauer* v. *Bush* (1962), 118 Ohio App. 151. Appellant's reason that it necessarily follows that a twenty-one year limitation applies to this case. We do not agree with appellant's logic.

The Supreme Court in *Cline* v. *American Aggregates Corp.* (1984), 15 Ohio St. 3d 384, overruled the long standing case of *Frazier* v. *Brown* (1861), 12 Ohio St. 294, thereby abandoning the English rule of underground water use and adopting a reasonable use doctrine as stated in Restatement of the Law 2d, Torts (1979) 258, Section 858. Neither *Frazier* nor *Cline* espoused rules of title but rather rules of use. One does not acquire title to underground water but rather a right to use a reasonable amount so long as neighboring landowners are not unduly prejudiced. Under *Cline,* unreasonable users are not subject to an action in title but rather an action in tort for damages arising out of the unreasonable use. Title to property implies an absolute right to a specific and certain parcel of real estate. The reasonable use of underground water is not so certain or unchanging. What is reasonable today may be unreasonable in the future given changed conditions.

The nature of appellant's action also supports the application of a four-year statute of limitations. Appellants seek money damages for the losses they incurred as a result of appellee's use of the underground water. Appellants do not seek title to the water. Courts of Ohio have repeatedly held that damages to real property are governed by R.C. 2905.09(D). *Velotta* v. *Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St. 2d 376; *Dyzak* v. *Samman* (1963), 119 Ohio App. 469; and *Adcor Realty Corp.* v. *Mellon-Stuart Co.* (N.D.Ohio, 1978), 450 F.Supp. 769. Therefore, whether based upon a nuisance or a tort theory, the trial court was correct in applying a four-year statute of limitations.

While the trial court was correct in applying R.C. 2905.09(D), this does not necessarily bar appellant's claims. Appellants damages are arguably ongoing in nature. Appellee has not demonstrated that appellants ceased to incur damages once city water was connected to appellant's property. There is a genuine issue of fact concerning the issue of appellants' damages after 1982 as a direct result of appellee's use of underground water. The fact that a major item of damages is not available because it is barred by the statute of limitations does not preclude appellants from proving other damages that were incurred within the period

commencing four years before this action was commenced.

Appellant's claim for injunctive relief, which is prospective in nature, may be based on a nuisance theory if appellants are able to prove the requisite elements entitling to this extraordinary equitable remedy.

Appellants' first assignment of error is sustained to the extent that they are barred from proving damages for a period commencing four years prior to filing suit or from proving the right to injunctive relief.

The issue presented by appellants' second assignment of error is whether the Supreme Court's judgment in *Cline* should be applied retroactive. Appellants filed their complaint on March 8, 1988. Cline was decided on December 31, 1984. Therefore, in order for appellants to be entitled to damages for the entire four-year period, *Cline* must be deemed retrospective in its application.

The rule governing the effect of Supreme Court decisions was first announced in *Peerless Electric Co.* v. *Bowers* (1955), 164 Ohio St. 209. In part, that decision provides:

"*** The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effects is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision. ***" Id. at 210.

Appellee argues that under *Frazier* they acquired a vested right to the use of as much underground water as they deem necessary placing this issue under the exception to retroactivity enumerated in *Peerless.* However, the holding of *Frazier* established non-liability for the use of water and not a property right in the water itself. The rationale given for the *Frazier* holding was that the underground water was so "mysterious" and "occult" that it could not be quantified and aligned with the overlying property. The holding that appellee obtained a vested right to subsurface waters under *Frazier* would run counter to the rational underlying the adoption of the English rule.

Further support for this conclusion comes from the nature of a vested right. The acquisition of a vested right necessarily implies that the right cannot be taken away. Yet, ground water under *Frazier* was available to anyone who could avail themselves of it. If an adjoining landowner constructed a more powerful pump, a neighbor's water supply could be totally drained without the landowner incurring liability. Under *Frazier,* an underground water user could be divested of his right to use the water at any time. Therefore, *Cline, supra,* applies as the test for the propriety of appellee's activity, although *Cline* was decided after appellee had commenced its quarrying activities.

Appellants' second assignment of error is sustained.

Appellants' third assignment of error is addressed to appellee's contention in the trial court that their claim is barred by the doctrine of laches. While the trial court did not specifically address this issue in its decision, appellee did raise it in its motion for summary judgment and, as such, it will be addressed herein.

The equitable doctrine of laches may bar an action where a litigant has failed "*** to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. ***" *Connin* v. *Bailey* (1984), 15 Ohio St. 3d 34, 35, citing *Smith* v. *Smith* (1957), 107 Ohio App. 440, 443-444.

Appellants offer two explanations for the timing of their lawsuit: (1) they did not become aware of the reason for the depletion of the water table until 1983; and (2) and their cause of action did not arise until *Cline* was decided in 1984. We have previously decided that appellants' action was filed within the applicable statute of limitations and, while this is not conclusive, it is some evidence of reasonableness. Finally, appellee has failed to show prejudice. For these reasons, the doctrine of laches is inapplicable.

Appellants' third assignment of error is sustained.

Appellants' assignments of error are sustain, and the judgment of the trial court is reversed. This case is remanded for further procedures consistent with this opinion.

*Judgment reversed
and case remanded.*

WHITESIDE and McKINLEY, JJ., concur.

McKINLEY, J., of the Union County Common Pleas Court, sitting by assignment in the Tenth Appellate District.