POPE

v.

**OHIO DEPARTMENT OF TRANSPORTATION.**

Court of Claims of Ohio.

No. 96–12161.

Decided May 7, 1998.

*Ruth Pope, pro se.*

*Betty D. Montgomery,* Attorney General, and *J. David Goodman,* Assistant Attorney General, for defendant.

---

J. WARREN BETTIS, Judge.

The court held a trial of this action upon the sole issue of liability. Upon review of the evidence, the arguments presented at trial, and the law, the court renders the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On May 27, 1976, and in consideration of $2,250, plaintiff conveyed certain real property situated along 1616 Maple Avenue, Zanesville, Ohio, to the city of Zanesville ("city");

2. Plaintiff Ruth Pope is the owner of a home situated at 1616 Maple Avenue, Zanesville, Ohio. Plaintiff has continuously owned this property, which is the subject of this litigation, to the present time;

3. On April 19, 1977, the contract for a federally funded project to widen and resurface State Route 60 (Maple Avenue) in Zanesville, Ohio, was awarded to Shelly & Sands, Inc. The work was performed in 1978;

4. The federally funded project required state inspection by defendant, Ohio Department of Transportation;

5. During the project, several trees specified in the project plan were removed in accordance with the agreement signed by plaintiff;

6. After a heavy rain storm in 1977, plaintiff's basement suffered water damage from flooding;

7. Plaintiff testified that after almost every storm event, her property suffered water damage as a result of the trees being removed from the plat of land she deeded to the city;

8. In July 1996, Chris Engle, defendant's Highway Management Administrator, responded to plaintiff's complaints and examined her property. A follow-up letter was sent by Engle to plaintiff on February 7, 1997, stating: "It was my opinion that a conclusion could not be reached as to whether the widening of State Route 60 Maple Avenue in Zanesville and the coinciding removal of the trees from your property is [*sic*] responsible for the damages your property is experiencing. Due to the extreme length of time involved between the actual

project and the difficulties your residence is incurring, any number of structural or environmental factors could also be to blame";

9. Plaintiff maintains that defendant is responsible for damages to her property under the theories of negligence and nuisance;

10. Defendant argued that plaintiff's claims are barred by the statute of limitations and, further, that no act or omission on the part of defendant caused any of plaintiff's claimed damages.

## CONCLUSIONS OF LAW

1. "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." R.C. 2743.16(A);

2. In *Brown v. S. Ohio Corr. Facility* (1991), 62 Ohio Misc.2d 337, at 341, 598 N.E.2d 909, at 911, this court discussed the application of R.C. 2743.16(A) to continuous nuisance cases as follows:

"There is authority for the proposition that, ordinarily, a statute of limitations does not run against a nuisance that is continuous, or when a nuisance had gradually become worse with the passing of time. This is based upon the theory that every continuation of a nuisance constitutes a new nuisance. See, *e.g.*, 72 Ohio Jurisprudence 3d (1987), Nuisances, Section 26, at 412–414, and those inapposite cases cited in footnotes 10 through 18.

"However, the law on this particular issue is plain and is set forth in R.C. 2743.16(A), as follows: 'Subject to division (B) of this section, *civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action* \*\*\*.' (Emphasis added.) Without doubt, the present action is maintainable, if at all, only within the strictures of R.C. 2743.01 through 2743.20. Consequently, the two-year statute of limitations set forth must apply to plaintiff's nuisance claims as well."

3. Nuisance is "a distinct civil wrong, consisting of anything wrongfully done or permitted which interferes with or annoys another in the enjoyment of his legal rights." *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 436, 28 O.O. 369, 373, 55 N.E.2d 724, 729. Under Ohio law, a nuisance has been classified as one of the following: (1) an absolute nuisance, which imposes strict liability; or (2) a qualified nuisance, which depends on proof of negligence. *Id.* at paragraphs two and three of the syllabus;

234

4. The Supreme Court of Ohio defined the difference between an absolute nuisance and a qualified nuisance in *Metzger v. Pennsylvania, Ohio & Detroit RR. Co.* (1946), 146 Ohio St. 406, 32 O.O. 450, 66 N.E.2d 203, paragraphs one and two of the syllabus:

"1. An absolute nuisance, or nuisance *per se*, consists of either a culpable and intentional act resulting in harm, or an act involving culpable and unlawful conduct causing unintentional harm, or a nonculpable act resulting in accidental harm, for which, because of the hazards involved, absolute liability attaches notwithstanding the absence of fault.

"2. A qualified nuisance, or nuisance dependent on negligence, consists of an act lawfully but so negligently or carelessly done as to create a potential and unreasonable risk of harm, which in due course results in injury to another. [*Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 28 O.O. 369, 55 N.E.2d 724, approved and followed.]"

5. Since plaintiff did not file her claim until November 4, 1996, the claims predicated upon defendant's alleged acts or omissions prior to November 4, 1994 are barred by R.C. 2743.16(A);

6. The court further concludes that defendant has no duty to plaintiff other than to refrain from exposing her property to unreasonable risks of harm. From November 4, 1996 to the present, defendant committed no affirmative acts or omissions that would otherwise have contributed to any of the alleged damages that plaintiff maintains occur with heavy rainstorms. Furthermore, defendant's officials have acted reasonably in inspecting plaintiff's property and addressing her concerns from the time period of November 4, 1994 to the present. Consequently, judgment shall be rendered in favor of defendant.

*Judgment for defendant.*

J. WARREN BETTIS, J., retired, of the Columbiana County Court of Common Pleas, sitting by assignment.