HAAS, et al., Appellants,

v.

SUNSET RAMBLERS MOTORCYCLE CLUB, INC., Appellee.

[Cite as *Haas v. Sunset Ramblers Motorcycle Club, Inc.* (1999), 132 Ohio App.3d 875.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–98–33.

Decided April 27, 1999.

*Brian J. Chisnell,* for appellants.

*E. Richard Hottenroth,* for appellee.

WALTERS, Judge.

Although this appeal was originally placed on the accelerated docket, this court elects to render a full opinion in accordance with Loc.R. 12(5).

Appellants, E. Peter Haas and Jane Haas, appeal a judgment of the Court of Common Pleas of Crawford County dismissing their complaint against appellee, Sunset Ramblers Motorcycle Club, Inc., for failure to file the action within the time allowed by the appropriate statute of limitations. We reverse and remand the matter for further proceedings.

Appellants have owned and resided at 1675 Market Street, Galion, Ohio, since April 1973. Appellee is an Ohio corporation that owns two parcels of land that

abut and adjoin appellants' property. Appellee maintains a clubhouse and flat oval motorcycle track on the property. In 1988, the usage of the track was significantly expanded to allow for frequent motorcycle races and practice sessions.

On May 19, 1992, appellants commenced an action against appellee, claiming that the activities conducted on the two adjoining parcels of land constitute a continuing nuisance. The basis for such claim is that repeated trespasses occur on appellants' land, and that the noise and dust from the motorcycles interfere with appellants' use and enjoyment of their property. Appellants requested the court to issue a permanent injunction against the operation of the motorcycle track. Appellants also prayed for actual damages to the property and damages representing the depreciation of the property value.

On October 2, 1996, appellants voluntarily dismissed the initial suit. The action was refiled on October 3, 1997; however, the complaint was again dismissed prior to obtaining service. On August 10, 1998, appellants filed the same complaint for a third time. Appellee responded on October 8, 1998 with a motion to dismiss appellants' complaint, arguing that the statute of limitations had run. In a judgment entry issued on November 17, 1998, the trial court found appellee's motion well taken and dismissed appellants' complaint. It is from this judgment that appellants have filed the instant appeal.

### Assignment of Error I

"The trial court erred in granting Defendant/Appellee's Motion to Dismiss for the reason that the statute of limitations had not tolled on the cause of action for nuisance."

We note initially that appellants' claim for relief is based upon a private rather than a public nuisance. A private nuisance refers to an invasion of an individual's use and enjoyment of his land. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 712, 622 N.E.2d 1153, 1158–1159. A public nuisance refers to an invasion of rights common to the general public. *Id.* Although a private citizen may assert a claim based upon a public nuisance, the plaintiff must be able to show, in addition to the general public injury, that he suffers a special injury or particular damage not incurred by the public generally. *Miller v. W. Carrollton* (1993), 91 Ohio App.3d 291, 632 N.E.2d 582. A review of the record in this case reveals that appellants' complaint fails to allege that the motorcycle track is a public nuisance. Thus, appellants' claim must arise from a private nuisance.

With that clarification set forth, we find that our determination of this first assignment of error depends upon whether the private nuisance alleged in appellants' complaint may properly be characterized as continuing or permanent

in nature. A continuing nuisance arises when the wrongdoer's tortious conduct is ongoing, perpetually generating new violations. *Frisch v. Monfort Supply Co.* (Nov. 21, 1997), Hamilton App. No. C–960522, unreported, 1997 WL 722796. Conversely, a permanent nuisance occurs when the wrongdoer's tortious act has been completed, but the plaintiff continues to experience injury in the absence of any further activity by the defendant. *Id.*

In applying these definitions, we find that the present case involves a continuing nuisance. The facts alleged in appellants' complaint, if true, demonstrate that appellee's conduct has been ongoing and that any resulting injury arises from each motorcycle race or practice session. Appellants have not alleged that they experience injury in the absence of appellee's activity.

The determination that the alleged nuisance is continuing in nature leads us to further conclude that the trial court incorrectly applied the four-year statute of limitations contained in R.C. 2305.09 and the one-year saving statute set forth in R.C. 2305.19. Relevant case law states that although these statutes apply to nuisance claims in general, a claim for a continuing nuisance "may be brought any time until the claim has ripened into a presumptive right by adverse possession." *Wood v. Am. Aggregates Corp.* (1990), 67 Ohio App.3d 41, 44, 585 N.E.2d 970, 972. When a trespass is continuing, the four-year period prescribed in R.C. 2305.09 does not apply except to limit the recovery to damages resulting within the four years preceding the filing of the complaint. *Norwalk v. Blatz* (1906), 9 C.C. (N.S.) 417, 1906 WL 677.

Based upon the foregoing, we find that appellants are subject to the continuing-nuisance rule as explained in *Wood.* Consequently, since appellants' complaint alleges that they first began to experience injury from the motorcycle track in 1988, we conclude that the statute of limitations had not run at the time that the complaint at issue was filed. Appellants' first assignment of error is sustained.

### Assignment of Error II

"The trial court erred in granting Defendant/Appellee's Motion to Dismiss for the reason that Plaintiffs/Appellants have a statutory right to seek equitable relief on a cause of action for abatement of a nuisance."

In addition to its finding that the statute of limitations had run on appellants' claim, the trial court also stated in its judgment entry that claims based on nuisance "are public claims to be prosecuted by the prosecuting attorney and on behalf of the township trustees." We disagree.

As explained in *Brown v. Cty. Commrs. of Scioto Cty.* (1993), 87 Ohio App.3d 704, 712, 622 N.E.2d 1153, 1158–1159, "nuisance" describes two separate fields of tort liability: "public nuisance," which covers the invasion of public rights

common to all members of the public, and "private nuisance," which covers the invasion of a private interest in the use and enjoyment of land. .

Although R.C. 3767.03 provides that a private citizen, as well as certain enumerated public officials, has the right to bring an action in equity to request a court to abate a presumably public nuisance and to enjoin the defendant from further maintenance of such nuisance, there is no language in the statute that provides that it was the legislature's intent to supersede common-law nuisance. A property owner seeking to abate a private nuisance may always assert his common-law rights outside the provisions of R.C. Chapter 3767, and the common pleas court has jurisdiction to hear such cases. *Christensen v. Hilltop Sportsman Club, Inc.* (1990), 61 Ohio App.3d 807, 573 N.E.2d 1183; *Gustafson v. Cotco Ent., Inc.* (1974), 42 Ohio App.2d 45, 71 O.O.2d 264, 328 N.E.2d 409.

Although appellee concedes that appellants may assert their claim for nuisance pursuant to R.C. 3767.03, appellee argues that appellants have ignored the statutory procedure in doing so. Specifically, appellee contends that appellants' complaint should be deemed invalid due to the failure to post a $500 bond with the clerk of courts, as mandated in R.C. 3767.03. Even if appellants did intend to pursue their cause of action pursuant to R.C. 3767.03, we find appellee's argument without merit, since the language of the statute does not make the posting of the bond a jurisdictional prerequisite to the filing of such action. The statute further prescribes no time limit on when a plaintiff must post this bond.

The trial court herein had the requisite jurisdiction over this matter regardless of whether it was a common-law claim or the statutory cause of action. Thus, we refuse to declare appellants' complaint invalid for the reasons asserted.

Appellants' second assignment of error is sustained.

### Assignment of Error III

"The trial court erred in granting Defendant/Appellee's Motion to Dismiss for the reason that the complaint was timely filed under R.C. 2305.19."

Due to our conclusion that appellants filed their complaint well within the permissible time limits, appellants' third assignment of error has been rendered moot.

Having found error prejudicial to the appellants herein, in the particulars assigned and argued, we hereby reverse the judgment of the trial court and remand the matter for further proceedings.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.