**BREWER, Appellant,**

v.

**BUTLER COUNTY BUILDING AND ZONING DEPARTMENT et al., Appellees.**

[Cite as *Brewer v. Butler Cty. Bldg. & Zoning Dept.* (2001), 142 Ohio App.3d 567.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2000–10–196.

Decided May 14, 2001.

568

*Nicholas F. Brewer, pro se.*

*Jack C. McGowan,* for appellees.

POWELL, Judge.

Plaintiff-appellant, Nicholas F. Brewer, appeals the decision of the Butler County Court of Common Pleas granting summary judgment to defendant-appellee, the Butler County Building and Zoning Department. We affirm the trial court's grant of summary judgment.

On March 2, 1984, the department issued a building permit, valid for one year, so that appellant could construct a single-family home at 9850 Timber Oak Trail in Union Township, n.k.a. West Chester Township, Butler County, Ohio. Appellant began construction of the home, using building material he salvaged from a demolished warehouse and a demolished apartment complex. Over the next three years, appellant completed the home's concrete foundation, exterior brick, roof framing, and the flooring of the first and second floors. Appellant completed little of the home's interior framing. Appellant discontinued construction on the home in 1987. Neighbors complained to Butler County and the Township about the home's condition, but it remained in a partially constructed state.

In 1996, appellant applied to the department for a building permit so that he could continue construction of the home. On June 2, 1998, Steven Soltis, acting in his capacity as administrator of the department, required appellant to furnish plans and calculations for the home that had been prepared and stamped by a registered architect or a professional engineer because appellant had used

unconventional building materials, the safety of which could not be verified. Appellant did not provide either the plan or the stamp the department required, and the building permit was never issued.

On June 12, 1998, appellant appealed the department's denial of his application for the building permit to the Butler County Residential Board of Appeals. On June 30, 1998, the board heard appellant's appeal. The Residential Board of Appeals found that appellant had not provided the department with sufficient calculations and that appellant's plan did not contain a seal from a registered architect or engineer to verify the home's structural integrity. Appellant's appeal was denied. Appellant took no further appeal from the Residential Board of Appeals' decision.

Meanwhile, the unfinished state of the home had run afoul of the Union Township (West Chester Township) Residential Property Maintenance Code, adopted in 1997, because appellant had failed to undertake construction for the preceding thirteen years. The Township served appellant with notice of an order of demolition. Appellant appealed the township's decision to demolish the home to the Union Township (West Chester Township) Board of Zoning Appeals. A hearing took place on October 14, 1998, after which the board of zoning appeals denied appellant's appeal. Appellant took no further appeal from the board's decision, and the home was demolished in 1999.

Appellant, *pro se*, filed a civil suit against the department and Soltis. Appellant alleged that he was owed money damages because the department's wrongful failure to issue the building permit resulted in demolition of the home. Appellant contended that the department ignored Butler County's building codes, that Soltis violated the codes in refusing to issue the building permit, and that Soltis had both solicited the demolition of his house and himself issued the demolition permit. In its answer, the department raised several defenses: The department argued that appellant had failed to state a claim upon which relief could be granted, that it was immune to suit under the doctrine of governmental immunity, that appellant had failed to exhaust his administrative remedies, and that appellant had waived his appeals from the denial of the building permit and from the demolition order.

The department filed a motion for summary judgment, claiming that no genuine issue of material fact remained for determination. The department first contended that both it and Soltis, its employee, were entitled to immunity because the legislature had adopted political subdivision immunity, which permits performance of governmental functions without liability. The department also argued that appellant's claims were barred because he had failed to appeal the decisions of the Butler County Residential Board of Appeals and the township board of zoning appeals, thus rendering his claims *res judicata*.

The trial court determined that appellant's civil suit against the department and Soltis was indeed barred because Butler County was immune from suit based on its exercise of a governmental function. The court also found that appellant had failed to appeal from the determinations of the Butler County Residential Board of Appeals and the township board of zoning appeals, so that the doctrine of *res judicata* barred his suit. Finally, the trial court determined that since the township had demolished his home, appellant should have sued the township for damages, instead of the department. The trial court granted summary judgment in favor of the department.

Appellant then filed a Civ.R. 60(B) motion based upon mistake, inadvertence, surprise, and excusable neglect, and he contended that other reasons justified relief from the trial court's summary judgment ruling. Appellant claimed that the trial court had improperly determined that the department and Soltis were immune from suit. He also attempted to incorporate the complete transcript of another case, although the nature of this argument is unclear. The trial court determined that appellant had introduced no new facts in his Civ.R. 60(B) motion that it had not already considered in rendering summary judgment and denied appellant's motion.

On appeal, appellant raises three assignments of error, in which he claims that the trial court erred in granting summary judgment and in denying his Civ.R. 60(B) motion for relief from judgment.

Assignment of Error No. 1:

"The decision of the court granting summary judgment is contrary to the laws and facts and therefore appellant–plaintiff's motion for summary judgment should be granted by the appeal, or, this case should be remanded for trial."

In his first assignment of error, appellant attacks the trial court's order granting summary judgment. In the five issues he raises in this assignment, appellant claims that the trial court ignored or misused facts in granting summary judgment, that the department had no authority to adopt or enforce a building code that prevents him from practicing architecture, that the department had no authority to use the Butler County Building Code to issue a residential demolition permit, that the department should not have immunity from liability, and that the trial court erred in finding his suit barred by his failure to exhaust administrative remedies and *res judicata*.

 Summary judgment is proper when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); *Horton v.*

*Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196, 1201–1203. An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. *Link v. Leadworks Corp.* (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140, 1144. In deciding whether there is a genuine issue of material fact, the evidence and the inferences drawn from the underlying facts must be construed in the nonmoving party's favor. *Hannah v. Dayton Power & Light Co.* (1998), 82 Ohio St.3d 482, 485, 696 N.E.2d 1044, 1046–1047. We independently review the grant of the motion for summary judgment and do not give deference to the trial court's determination. *Schuch v. Rogers* (1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388, 1389–1390.

One issue appellant has raised—the department's immunity to liability—is dispositive of this assignment of error. This is true because if the trial court correctly granted summary judgment on the ground that the department is immune from civil liability for its failure to issue the building permit, appellant cannot sue the department, regardless of whether it acted beyond its authority, or the department's employee, Soltis. Appellant's contentions that the department acted beyond its authority and that his causes of action are not otherwise barred become moot. We therefore address the propriety of the trial court's summary judgment order with respect to this issue first.

The availability of immunity is a question of law that is properly determined by the court before trial. *Carpenter v. Scherer–Mountain Ins. Agency* (1999), 135 Ohio App.3d 316, 330, 733 N.E.2d 1196, 1206, citing *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 292, 595 N.E.2d 862, 869. Accordingly, we review *de novo* a trial court's summary judgment decision on immunity grounds. *Carpenter,* 135 Ohio App.3d at 330, 733 N.E.2d at 1206.

We must first determine whether the department is a "political subdivision" that has immunity from tort liability. R.C. 2744.01(F) defines "political subdivision" as a "municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." Under this definition, Butler County is a political subdivision. Since the department is an instrumentality that carries out the functions of Butler County, it is entitled to the immunity from tort liability provided to political subdivisions in R.C. Chapter 2744. *Wilson v. Stark Cty. Dept. of Human Services* (1994), 70 Ohio St.3d 450, 452, 639 N.E.2d 105, 107.

R.C. Chapter 2744 sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability. *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610, 614–615; *Carpenter,* 135 Ohio App.3d at 330, 733 N.E.2d at 1206. First, R.C. 2744.02(A)(1) provides a political subdivision

with a general grant of immunity from liability for acts or omissions connected with its governmental or proprietary functions. *Carpenter,* 135 Ohio App.3d at 331, 733 N.E.2d at 1206, citing *Hill v. Urbana* (1997), 79 Ohio St.3d 130, 133, 679 N.E.2d 1109, 1112. R.C. 2744.02(A)(1) states:

"For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

Thus, the immunity afforded a political subdivision in R.C. 2744.02(A)(1) is not absolute, but is, by its express terms, subject to the five exceptions to immunity listed in R.C. 2744.02(B). Once immunity is established under R.C. 2744.02(A)(1), the second tier of analysis is whether any of the five exceptions to immunity in subsection (B) apply. *Cater,* 83 Ohio St.3d at 29, 697 N.E.2d at 615. Under the third tier of analysis, if one of the exceptions in R.C. 2744.02(B) applies, immunity can be reinstated if the political subdivision can successfully argue that one of the defenses contained in R.C. 2744.03 applies.

Therefore, if the department engaged in a governmental or a proprietary function, R.C. 2744.02(A)(1) provides immunity. R.C. 2744.01(C)(2)(p) defines "governmental function" to include "[t]he provision or nonprovision of inspection services of all types, including but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing and electrical codes, and the taking of actions in connection with those types of codes, including but not limited to, *the approval of plans for the construction of buildings or structures and the issuance or revocation of building permits* or stop work orders in connection with buildings or structures." (Emphasis added.) The issuance of building permits is specifically named as a governmental function for which a political subdivision has immunity under R.C. 2744.02. Accordingly, we find that the department engaged in a governmental function when it refused to issue appellant's building permit due to his failure to comply with the requirements of Butler County's building code.

The department's decision to deny appellant's building permit is not a function that gives rise to liability on the part of the political subdivision. *Nagorski v. Valley View* (1993), 87 Ohio App.3d 605, 609, 622 N.E.2d 1088, 1090–1091. Under R.C. 2744.02(A)(1), the department is immune. Even if the department acted negligently carrying out this function, it will remain immune from liability absent an exception. *Carpenter,* 135 Ohio App.3d at 336, 733 N.E.2d at 1210–1211. These exceptions are enumerated in R.C. 2744.02(B). *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 347, 632 N.E.2d 502, 504. Appellant does not allege that the

department's actions fall into one of the exceptions to political subdivision liability enumerated in R.C. 2744.02(B). Indeed, we have examined the exceptions and find that none apply. Because appellant has not identified any grounds for liability under R.C. 2744.02(B), he cannot overcome the immunity granted under R.C. 2744.02(A)(1).

Appellant does, however, argue that this court should abrogate political subdivision immunity because the department entered into a field traditionally held by private enterprise. In *Schenkolewski v.. Metroparks Sys.* (1981), 67 Ohio St.2d 31, 21 O.O.3d 19, 426 N.E.2d 784, the Ohio Supreme Court held that the common-law doctrine of governmental or sovereign immunity may, consistent with Section 16, Article I of the Ohio Constitution, be altered or abolished by the judiciary. Accordingly, the court held that the defense of governmental immunity was not available to a board of commissioners of a park district where its liability allegedly arose out of the exercise of a proprietary function. *Schenkolewski,* 67 Ohio St.2d at 37, 21 O.O.3d at 23–24, 426 N.E.2d at 788.

In *Zents v. Bd. of Commrs. of Summit Cty.* (1984), 9 Ohio St.3d 204, 207, 9 OBR 516, 518–519, 459 N.E.2d 881, 884–885, the Ohio Supreme Court analyzed *Schenkolewski* and pronounced that a county will not be subject to liability where a statute provides immunity. Here, the issuance or revocation of building permits is a governmental function for which the legislature has specifically provided the county immunity. In the face of the Supreme Court's pronouncement in *Zents,* this court will not abrogate the immunity the legislature provided for a political subdivision in R.C. 2744.02.

▆▆▆▆ As to Soltis's liability for refusing to issue appellant a building permit, R.C. 2744.03(A)(6)(b) provides that an employee of a political subdivision is immune from liability for his acts and omissions unless the "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." In order to sustain a motion for summary judgment predicated upon immunity bestowed by R.C. 2744.03(A)(6)(b), a court must conclude that the record is devoid of evidence tending to show that the political subdivision employee acted wantonly or recklessly. *Irving v. Austin* (2000), 138 Ohio App.3d 552, 556, 741 N.E.2d 931, 934; see, also, *Addis v. Howell* (2000), 137 Ohio App.3d 54, 59, 738 N.E.2d 37, 40–41. "Wanton misconduct" is defined as a failure "to exercise any care whatsoever * * * under circumstances in which there is a great probability that harm will result." *Irving,* 138 Ohio App.3d at 557, 741 N.E.2d at 934, quoting *Hawkins v. Ivy* (1977), 50 Ohio St.2d 114, 4 O.O.3d 243, 363 N.E.2d 367, syllabus.

Despite allegations of Soltis's "outrageous conduct," appellant has failed to point to specific factual evidence that would demonstrate a genuine factual dispute that Soltis acted with malice or bad faith or in a wanton or reckless

manner. The record shows only that Soltis acted within the scope of his employment as administrator of the department to require appellant to comply with applicable building codes. The record is devoid of any evidence showing that Soltis acted with malice or engaged in wanton misconduct.

Reasonable minds could come to no other conclusion but that the department and Soltis are immune from suit for civil liability in exercising the governmental function of issuing or revoking building permits. Appellant introduced no facts that would give rise to a genuine issue of material fact regarding Soltis's liability. The trial court properly concluded that appellant could not, under any set of circumstances, impose civil liability upon the department or Soltis for denying his application for a building permit.

Our resolution of this issue renders moot appellant's remaining contentions that the department acted beyond its authority and that his causes of action are not otherwise barred. Summary judgment was appropriate. Appellant's first assignment of error is overruled.

Assignment of Error No. 2:

"The court erred to the prejudice of the appellant–plaintiff in failing to clearly render judgment on a specific law and rights that are contained in the complaint before the court."

Appellant's major complaint about the way in which the trial court ruled upon his Civ.R. 60(B) motion is that the court did not rule on his right to practice architecture for his own use and his right to obtain building permits. The department responds that appellant introduced no new facts justifying the claims of mistake, surprise, or excusable neglect in his Civ.R. 60(B) motion, and it was therefore properly denied by the trial court.

Civ.R. 60(B) states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * * or (5) any other reason justifying relief from the judgment."

A party bringing a motion under Civ.R. 60(B) may prevail only upon demonstrating the following three elements: (1) a meritorious defense or claim to present if relief is granted, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

It is within the trial court's discretion to decide whether to grant a party's Civ.R. 60(B) motion to set aside a judgment. *Rose Chevrolet, Inc. v.*

*Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567. Accordingly, a trial court's decision granting or denying a Civ.R. 60(B) motion will not be disturbed absent an abuse of discretion. *GTE,* 47 Ohio St.2d at 148, 1 O.O.3d at 87, 351 N.E.2d at 114–115. More than an error of judgment or law, an abuse of discretion indicates that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 107, 647 N.E.2d 799, 800–801.

██ In his Civ.R. 60(B) motion and his memorandum in support of the motion, appellant asked the trial court to specifically define his rights to practice architecture and engineering and to obtain a building permit from the department, and argued that the trial court's judgment "implies conflict with the Plaintiff's rights" under the Ohio Revised Code. Appellant referred to his complaint, the department's interrogatories, the department's motion for summary judgment, his own response to the summary judgment motion and its attached affidavits, and the transcript of oral argument before the trial court.

Appellant did not show that he had a meritorious defense. Any ruling regarding appellant's rights to practice architecture and engineering was collateral to his claim that the department improperly denied him a building permit. Indeed, this case does not involve appellant's rights to practice architecture and engineering; it involves only his right to receive a building permit issued by the department. Appellant was entitled to a building permit if he complied with legislative requirements and his proposed structure fell within the use classification of the area in which he proposed to build it. *Gibson v. Oberlin* (1960), 171 Ohio St. 1, 12 O.O.2d 1, 167 N.E.2d 651, paragraph one of the syllabus. There is no dispute that appellant did not comply with these requirements.

Moreover, even if the trial court had determined that appellant had the right he asserted, he could not have sued the department and Soltis. In its ruling granting summary judgment, the trial court determined that appellant could not sue the department and Soltis because they were immune from suit under R.C. 2744.02. The trial court's ruling made any determination of appellant's rights to practice architecture moot. It was not necessary for the trial court to rule on the merits of appellant's claim that he had the "right to practice architecture and engineering."

Further, appellant showed no mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the order granting summary judgment. In his Civ.R. 60(B) motion, appellant did not introduce new evidence and only referred to evidence the court had already fully considered. Appellant did not show that the trial court's reasoning was faulty in any way or that he was otherwise entitled to summary judgment.

Appellant did not demonstrate a meritorious defense or his entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5) so that he could prevail upon his motion. The trial court properly denied it. Appellant's second assignment of error is overruled.

Assignment of Error No. 3:

"The court erred to the prejudice of appellant–plaintiff by assigning the direction of the complaint toward another party not presented in this complaint before the court."

 Finally, appellant complains that the trial court erred when it determined that he should have sued the township, instead of the department, for damages resulting from the demolition of his home. Appellant contends that he properly contested Butler County's actions in granting the demolition permit and the department's legal responsibility for issuance of the permit. The department responds that the township and not Butler County granted the demolition permit and that it cannot bear responsibility for the acts of another entity with which it had no principal-agent relationship.

A board of township trustees may "adopt by incorporation by reference, administer, and enforce within the unincorporated area of the township an existing structures code pertaining to the repair and continued maintenance of structures and the premises of such structures." R.C. 505.73. The township adopted the 1996 BOCA National Property Maintenance Code as its own Property Maintenance Code,[1] as R.C. 3781.03 allows it to do. Pursuant to Section PM–105.1 of the Property Maintenance Code, the township administers and enforces all of its provisions. The township has the authority to issue a demolition order under Section PM–110.0 of the code. Under Section PM–110.3 of the code, the "code official" shall cause a structure to be razed if the owner of property fails to comply with a demolition order.

Appellant's claims of damages arose from the demolition of his home, although he contends that Butler County's failure to issue a building permit facilitated its demolition. The structure was demolished by the township in 1999 because it violated the Property Maintenance Code. As demonstrated by appellant's exhibits, the Union Township (West Chester Township) Department of Planning and Zoning issued a demolition order pursuant to Section PM–110.0 of the Property Maintenance Code. The order directed appellant to raze and remove the structure and instructed him how to appeal its order. Appellant did appeal the demolition order, but that appeal was denied. He failed to abide by the township

---

1. Union Township Resolution No. 25–97.

demolition order. Thereafter, the township obtained a demolition permit from Butler County and demolished appellant's home.

The Township had the authority to demolish appellant's home, and it did so to enforce its own Property Maintenance Code. While Butler County was a party to claims appellant may have raised regarding its failure to issue the building permit, it was the township that demolished his home. The township sought and obtained a demolition permit from Butler County before demolishing appellant's home. The demolition permit, however, was only the required administrative mechanism by which the township could carry out the demolition of appellant's home. Thus, appellant should have named the township, which actually demolished his home, as a party to the suit. The trial court correctly determined that Butler County could not have been liable for the township's acts. See *Franks v. Sandusky Township Board of Trustees* (Mar. 31, 1992), at *6, Sandusky App. No. S–91–18, unreported, 1992 WL 66561 (where township has responsibility for design and maintenance of township roads, county is not civilly liable for failure to maintain).

Even had appellant sought damages against the township for demolishing his home by naming it as a defendant in the instant action, immunity would have precluded the action. The act of condemning a building is a governmental function. *Bram v. Cleveland* (1993), 97 Ohio App.3d 718, 720–721, 647 N.E.2d 523, 524–526, appeal dismissed (1995), 71 Ohio St.3d 1218, 645 N.E.2d 732. Thus, the township, like Butler County, would have been immune from civil liability under R.C. 2744.02 for demolishing appellant's home.

The trial court properly ruled, in its summary judgment order, that appellant had failed to bring the proper party before the court. Appellant's third assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and WALSH, J., concur.