DECISION.
Plaintiffs-appellants, Larry G. Davis and Cora L. Davis, own property located at 3670 Vine Street in Cincinnati, Ohio. On March 17, 2001, they filed a complaint against defendants-appellees, Henri Mae Allen, Nick Williams, dba Nick's Bobcat Service, Scott Bohnert and Ed Cunningham, building inspectors for the city of Cincinnati, and the city of Cincinnati. They later amended their complaint to add defendant-appellee, Allgeier Son, Inc.
In their complaint, the Davises alleged that, in May 1995, Williams negligently dumped an excessive quantity of fill dirt on Allen's property at 3565 Lossing Street, which adjoins the Davises' property; that Allen recklessly and unlawfully permitted the dumping and took no remedial action to remedy the problem; and that the dumping caused a landslide on the Davises' property on May 15, 1995, which caused substantial damage.
Subsequently, the city of Cincinnati supervised the removal of the debris from the Davises' property and the erection of a fence designed to prevent further landslides. The city entered into a contract with Allgeier Sons to demolish and haul away debris from 3565 Lossing Street, to remove debris from a damaged garage and retaining walls, to remove excessive fill dirt, and to grade and seed the property.
Nevertheless, a second landslide occurred in January 1996, and the Davises notified the city. Bohnert and Cunningham, in their capacity as city building inspectors, directed and supervised the removal of debris and a damaged retaining wall, the cutting down of trees, and the erection of fences at the top of the hill on the Lossing Street property and on the Davises' property. Despite the city's efforts, more landslides occurred in 1997, 1998 and 1999.
The Davises pleaded causes of action for negligence, trespass, private and qualified private nuisance and tortious interference with property rights. They also sought a declaratory judgment and injunctive relief. Appellees all filed motions to dismiss the complaint pursuant to Civ.R. 12(B)(6), primarily contending that the applicable statute of limitations had expired. The city, Bohnert and Cunningham also contended that they were immune from liability under R.C. Chapter 2744. The trial court granted appellees' motions to dismiss, without stating its reasons for doing so. This appeal followed.
The Davises present six assignments of error for review. In their first assignment of error, they contend that the trial court erred in granting appellees' motion to dismiss their complaint. They contend that they sufficiently alleged a continuing nuisance and trespass upon their lands, and, therefore, that their complaint was not barred by the statute of limitations. We find this assignment of error to be well taken.
A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and the trial court, in ruling on such a motion, must take all the allegations in the complaint as true, drawing all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756; Pollock v. Rashid (1996),117 Ohio App.3d 361, 367, 690 N.E.2d 903, 908. A court may dismiss a complaint on a Civ.R. 12(B)(6) motion only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus; Pollock, supra, at 367-368, 690 N.E.2d at 908.
Ordinarily, the defense that an action is barred by the statute of limitations cannot be raised by a motion to dismiss, as that defense usually relies upon facts outside the complaint and must be addressed by summary judgment. Steiner v. Steiner (1993), 85 Ohio App.3d 513,518-519, 620 N.E.2d 152, 156; Burkhalter v. Ohio State Hwy. Patrol (July 19, 2001), Franklin App. No. 00AP-1310, unreported. A court may not dismiss a complaint on statute-of-limitations grounds where the statute's bar is not clearly evident from the wording of the complaint. Velotta v.Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376, 433 N.E.2d 147, paragraph three of the syllabus; Boll v. Griffith (1987),41 Ohio App.3d 356, 357, 535 N.E.2d 1375, 1376.
Actions for damages, whether based on a nuisance or a tort theory, are governed by the four-year statute of limitations set forth in R.C.2305.09(D). Velotta, supra, at 378-379, 433 N.E.2d at 150; Wood v.American Aggregates Corp. (1990), 67 Ohio App.3d 41, 44-45, 585 N.E.2d 970,972-973. The complaint here was not filed within four years of the original landslide in 1995. The Davises contend, however, that this case involved a continuing nuisance and trespass, and that they suffered continuing damages from 1995 until 1999.
A continuing trespass or nuisance occurs when the defendant's tortious activity is ongoing, perpetually creating fresh violations of the plaintiff's property rights. The damage caused by each fresh violation is an additional cause of action. Valley Ry. Co. v. Franz (1885),43 Ohio St. 623, 627, 4 N.E. 88, 91; Haas v. Sunset Ramblers MotorcycleClub, Inc. (1999), 132 Ohio App.3d 875, 878, 726 N.E.2d 612, 613-614;Frisch v. Monfort Supply Co. (Nov. 21, 1997), Hamilton App. No. C-960522, unreported.
Appellees contend that this case involved a permanent trespass or nuisance, for which but one action lay. A permanent trespass occurs when the defendant's tortious act has been fully accomplished, but injury to the plaintiff's estate from that act persists in the absence of further conduct by the defendant. Franz, supra, at 625, 4 N.E. at 88; Haas,supra, at 878, 726 N.E.2d at 614; Frisch, supra.
Our review of the complaint convinces us that the Davises pleaded sufficient facts to show a continuing trespass. This case is distinguishable from Frisch, supra, where the entire injury was caused by one act of the defendants: in that case, the improper installation of a home-aeration system. In this case, the continuing failure of the appellees to remedy the problem on the Lossing Street property and the landslides caused by that failure were fresh injuries and caused continuing damages to the Davises. See Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 718, 622 N.E.2d 1153, 1162-1163;Boll, supra, at 358, 535 N.E.2d at 1377; West 11th St. Partnership v.Cleveland (Feb. 8, 2001), Cuyahoga App. No. 77327, unreported. Consequently, the Davises may recover for damages incurred during the four years prior to the filing of the complaint on March 17, 2000, as to all appellees but the city, Bohnert and Cunningham. See Haas, supra, at 878, 726 N.E.2d at 614; Wood, supra, at 45, 585 N.E.2d at 973.
A different statute of limitations applies to the city appellees. R.C.2744.04(A) provides for a two-year statute of limitations in "[a]n action against a political subdivision to recover damages for injury, death or loss to persons or property allegedly caused by an action or omission in connection with a governmental or proprietary function[.]"[1] Because specific statutory provisions prevail over conflicting general statutes, the two-year statute of limitations applies in any action against a political subdivision. Abdall v. Olexia (1996), 113 Ohio App.3d 756,758-759, 682 N.E.2d 18, 19; Koncsol v. Niles (1995), 105 Ohio App.3d 535,538-539, 664 N.E.2d 616, 618. Consequently, the Davises could only have had the potential to recover against the city appellees for damages sustained within two years of the filing of the complaint. See Pope v.Ohio Dept. of Transp. (Ct.Cl. 1998), 91 Ohio Misc.2d 230, 233-234,698 N.E.2d 536, 537-538; Brown v. Southern Ohio Corr. Facility (Ct.Cl. 1991), 62 Ohio Misc.2d 337, 340-341, 598 N.E.2d 909, 911; West 11th St.,supra. But, see, Analysis of Fifth Assignment of Error, infra.
We hold that the bar of the applicable statutes of limitation was not evident from the face of the complaint. Accordingly, the trial court erred in granting appellees' Civ.R.12(B)(6) motions to dismiss on the basis that the statute of limitations had run, and we sustain the Davises' first assignment of error.
In their second assignment of error, the Davises contend that the statute of limitations was subject to equitable tolling, and, therefore, that the statute of limitations had not expired against any of the named appellees. In their third assignment of error, they contend that when the city and its employees were aware of illegal conduct and began to remedy the nuisance created by the illegal conduct, the statute of limitations was subject to equitable tolling. However, the Davises failed to raise the issue of equitable tolling in the trial court. Issues that are not raised in the trial court are waived and may not be raised on appeal.Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43,322 N.E.2d 629, 630; Hatfield v. Wray (2000), 140 Ohio App.3d 623, 632,748 N.E.2d 612, 620. Accordingly, we overrule the Davises' second and third assignments of error.
In their fourth assignment of error, the Davises argue that the trial court erred in dismissing their breach-of-contract claim against Allgeier Son. They contend that they were the intended beneficiaries of the contract between the city and Allgeier, and that their claim against Allgeier was not barred by the statute of limitations. This assignment of error is well taken.
In determining the proper statute of limitations to apply, courts must look to the underlying nature of the cause of action rather than relying on the form of the complaint. Hunter v. Shenango Furnace Co. (1988),38 Ohio St.3d 235, 237, 527 N.E.2d 871, 873; Palm Beach Co. v. Dunn Bradstreet, Inc. (1995), 106 Ohio App.3d 167, 173-174, 665 N.E.2d 718,722. Though the Davises raised a cause of action for breach of contract against Allgeier based on a third-party-beneficiary theory, the gist of the complaint was for damage to real property, and, therefore, the four-year statute of limitations set forth in R.C. 2304.09(D) applied. See Velotta, supra, at 378-379, 433 N.E.2d at 150; Wood, supra, at 44-45, 585 N.E.2d at 972-973; Frisch, supra. As we have already stated, the Davises may recover for damages incurred in the four years prior to the filing of the complaint.
Allgeier contends that the Davises were not third-party beneficiaries of its contract with the city. A third-party beneficiary may bring an action for breach of contract in Ohio. Grant Thornton v. Windsor House,Inc. (1991), 57 Ohio St.3d 158, 161, 566 N.E.2d 1220, 1223; Frisch,supra. For a third person to enforce a promise made for his or her benefit, the contract must have been made directly or primarily for the benefit of the third person. Emmitt v. Brophy (1884), 42 Ohio St. 82,88-89; Hines v. Amole (1982), 4 Ohio App.3d 263, 268, 448 N.E.2d 473,479. An incidental benefit is insufficient to give a third person a right of action. Grant Thornton, supra, at 161, 566 N.E.2d at 1223; Hines,supra, at 268, 448 N.E.2d at 479; Chitlik v. Allstate Ins. Co. (1973),34 Ohio App.2d 193, 196, 299 N.E.2d 295, 297. Nevertheless, the third party need not be named in the contract, so long as that person is within the contemplation of the parties. The third person need not even accept the contract or acknowledge its existence. Emmit, supra, at 88-89;Hines, supra, at 268-269, 448 N.E.2d at 479; Chitlik, supra, at 196,299 N.E.2d at 297.
In their complaint, the Davises alleged that the contract between the city and Allgeier "was intended to benefit the Plaintiffs and others similarly situated, and as such Plaintiffs were third party beneficiaries as a matter of law to that contract." They attached to the complaint copies of the contract and other documents showing that Allgeier was hired to remedy a hazardous condition on the Lossing Street property. Taking the allegations of the complaint as true, one could reasonably infer that the protection of the persons and property of neighboring landowners was at least within the contemplation of the parties to the contract. Under the circumstances, at this early stage of the proceedings, we cannot say that the Davises could prove no set of facts that would have entitled them to relief on this claim. Consequently, the trial court erred in granting Allgeier's motion to dismiss the breach-of-contract claim.
In their fifth assignment of error, the Davises claim that the trial court made no finding of absolute or qualified immunity as to the city, Cunningham and Bohnert. Consequently, the trial court's dismissal of the complaint as to the claims against those appellees was not based on sovereign immunity. They argue that they pleaded sufficient facts to establish a special duty between those appellees and the Davises, the violation of which would have imposed liability. This assignment of error is not well taken.
We first note that the trial court did not state its reasons for granting any of the motions to dismiss. Consequently, we do not know whether the trial court determined that the city appellees were entitled to immunity.
The Davises rely upon the "special duty" exception to the public-duty rule. The public-duty rule states that when a duty that the law imposes upon a public official is a duty to the public, a failure to perform that duty generally gives rise to a public rather than an individual injury.Sawicki v. Ottawa Hills (1988), 37 Ohio St.3d 222, 525 N.E.2d 468, paragraph two of the syllabus; Passov v. Paris Dev. Corp. (1988),55 Ohio App.3d 202, 205, 563 N.E.2d 327, 330. A plaintiff may avoid application of the public-duty rule by showing that there existed between the municipality and the plaintiff a special relationship that gave rise to a special duty. Sawicki, supra, at paragraph four of the syllabus;Franklin v. Columbus (1998), 130 Ohio App.3d 53, 58, 719 N.E.2d 592,595; Passov, supra, at 205, 563 N.E.2d at 330.
Courts developed these rules before the enactment of the Ohio Political Subdivision Tort Liability Act set forth in R.C. Chapter 2744. Numerous courts, including this one, have held that the passage of the act abrogated the common-law public-duty rule and the corresponding special-duty exception in the context of political-subdivision liability.Franklin, supra, at 59-60, 719 N.E.2d at 596-597; H. Hafner Sons, Inc.v. Cincinnati Metro. Sewer Dist. (1997), 118 Ohio App.3d 792, 796,694 N.E.2d 111, 113; Sudnik v. Crimi (1997), 117 Ohio App.3d 394,396-397, 690 N.E.2d 925, 926-927; Boggs v. Hughes (Feb. 2, 1994), Green App. No. 93 CA 21, unreported.
In fact, almost all of the case law cited by the Davises was decided prior to the act. However, we must still determine whether the Davises pleaded sufficient facts to overcome the broad immunity granted to political subdivisions in the act. See Wilson v. Stark Cty. Dept. of HumanServ. (1994), 70 Ohio St.3d 450, 452, 639 N.E.2d 105, 107.
R.C. 2744.02(A) provides,
 Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
 R.C. 2744.02(B) sets forth five exceptions to the immunity created in division (A), only three of which could potentially apply in this case. See Wilson, supra, at 452, 639 N.E.2d at 107. The Davises have not pleaded sufficient facts to show that the city falls within any of these exceptions.
The act distinguishes between propriety and governmental functions. R.C. 2744.02(B)(2) states that "political subdivisions are liable for injury, death, or loss to persons or property cased by the negligent performance of actions by their employees with respect to proprietary functions of the political subdivisions." Thus, political subdivisions may be liable for the negligent acts of their employees with respect to proprietary, but not governmental, functions. See Wilson, supra, at 452,639 N.E.2d at 107.
 RC. 2944.01(C)(2)(p) states that the term "governmental function" includes the following:
 The provision or nonprovision of inspection services of all types, including, but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing, and electrical codes, and the taking of actions in connection with those types of codes, including, but not limited to, the approval of plans for the construction of buildings or structures and the issuance or revocation of building permits or stop work orders in connection with buildings or structures[.]
 In this case, the city's actions in enforcing various building codes on the Lossing Street property, in negating the hazardous conditions on the property, in issuing permits for the work and in inspecting the property clearly fell within the definition of a governmental function. See Brewer v. Butler Cty. Bldg. Zoning Dept. (2001), 142 Ohio App.3d 567, 574, 756 N.E.2d 222, 228; Sudnik, supra, at 397, 690 N.E.2d at 927; Nagorski v. Valley View (1993), 87 Ohio App.3d 605, 609, 622 N.E.2d 1088, 1090-1091; Fedorisin v. Everett (July 14, 1999), Mahoning App. No. 96 C.A. 164, unreported.
R.C. 2944.02(B)(3) states that a political subdivision may be liable for injuries caused by its failure to keep public grounds, such as a municipal park or public school property, free from nuisance. See Waymanv. Bd. of Edn. (1966), 5 Ohio St.2d 248, 252, 215 N.E.2d 394, 397;Hunsche v. Loveland (1999), 133 Ohio App.3d 535, 540, 729 N.E.2d 393,396. By its plain language, this exception does not include attempts to remedy a nuisance on private property.
Similarly, R.C. 2944.02(B)(5) provides that a political subdivision may be liable for injury caused when "liability is expressly imposed upon the political subdivision by a section of the Revised Code[.]" We find no statute that expressly imposes liability upon a municipality for failing to remedy conditions on private property. See Middletown-Monroe CitySch. Dist. Bd. of Edn. (July 17, 2000), Butler App. No. CA99-11-186, unreported. Compare Cambell v. Burton (2001), 92 Ohio St.3d 336,750 N.E.2d 539, paragraphs one through three of the syllabus (R.C. 2151.421
expressly imposes liability for failure to perform a duty to report child abuse).
Since none of the exceptions apply, the city remains immune from liability even if its employees acted negligently. Brewer, supra, at 574-575, 756 N.E.2d at 228. Consequently, the Davises can prove no set of facts that would entitle them to relief against the city. Therefore, the trial court did not err in granting the city's motion to dismiss.
As to Bohnert and Cunningham, R.C. 2744.03(A)(6) provides that an employee of a political subdivision is immune from liability unless (1) the employee's acts or omissions were manifestly outside the scope of his or her employment or official responsibilities; (2) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) the Revised Code expressly imposes liability on the employee. The Davises' complaint merely alleged that Bohnert and Cunningham were negligent. It contained no allegations that would support the conclusion that any of these exceptions applied. See Brewer, supra,
at 575-576, 756 N.E.2d at 229; Smith v. A.B. Bonded Locksmith, Inc. (2001), 143 Ohio App.3d 321, 329, 757 N.E.2d 1242, 1248; Wooton v.Vogele (Dec. 28, 2001), Hamilton App. No. C-010140, unreported.
Consequently, Bonhert and Cunningham are immune from liability, and the Davises can prove no set of facts that would entitle them to recover from Bonhert and Cunningham. Accordingly, the trial court did not err in granting their motion to dismiss the claims against them, and we overrule the Davises' fifth assignment of error.
In their sixth assignment of error, the Davises contend that the trial court erred in dismissing its claims against Allen and Williams. They contend that the complaint sufficiently pleaded causes of action for nuisance, trespass to lands and tortious interference with property rights with respect to those appellees. This assignment of error is well taken.
With all the allegations of the complaint taken as true and with all reasonable inferences drawn in the Davises' favor, it does not appear beyond doubt that the Davises can prove no set of facts in support of their claims against these appellees that would entitle them to relief. Therefore, the trial court erred in granting Williams's and Allen's motions to dismiss. See O'Brien, supra, at syllabus; Pollock, supra, at 367-368, 690 N.E.2d at 908. Williams and Allen do not dispute that the complaint pleaded sufficient facts to survive a motion to dismiss on the merits. Their contention instead is that the statute of limitations had run on the Davises' causes of action, an argument that we have already rejected. Accordingly, we sustain the Davises' sixth assignment of error.
In sum, we affirm the trial court's dismissal of the claims against the city and its employees, Bohnert and Cunningham. We reverse the trial court's dismissal of the claims against Allen, Williams and Allgeier and remand this case for further proceedings on those claims only.
Judgment affirmed in part and reversed in part, and cause remanded.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] The Ohio Supreme Court has declared the amendments to R.C. Chapter 2744, effective January 27, 1997, unconstitutional in State ex rel. OhioAcad. of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451,715 N.E.2d 1062. It has also held that a later amendment, effective June 30, 1997, did not enact or reenact those statutes. Stevens v. Ackman
(2001), 91 Ohio St.3d 182, 743 N.E.2d 901, paragraph two of the syllabus. Consequently, we apply the version of R.C. Chapter 2744 in effect prior to January 27, 1997.