## BRUCKS v WEINIG

Ohio Appeals, 5th Dist, Tuscarawas Co
No. 362. Decided November, 1929

Messrs. Bowers & Bowers, New Philadelphia, for Brucks.
Messrs. Seikel, Hill & Seikel, New Philadelphia, for Weinig.

LEMERT, J.

It is not our purpose or intention in this opinion to quote at length evidence submitted in the Court below, but suffice it to say that the careful examination of the record discloses that there can be no question in the evidence submitted in the record in the Court below that thirty six years ago the plaintiff and one Henry W. Enck then owned Lot No. 131 jointly and constructed a brick building on this lot, for business purposes, about fifty feet wide and frontage was ornamented by pilasters of certain design 16 inches wide on each corner, which projected four inches over the main building which were tied into the walls of the building. Certain other ornaments of like design and construction were attached to the building on the front thereof so as to make the front harmonious as a whole in its appearance. The building, including the pilasters and front, has been and still is maintained as it was when constructed.

We fail to find any evidence in the record concerning any contract or arrangement between any lot owners when the wall between them was built, especially in reference to its being a party wall. Neither is there any evidence of a contract between them designating it as a party wall when the defendant's building was tied into the wall. Neither is there sufficient evidence to warrant a finding that the adjoining owner ever contributed toward the cost of the walls constructed.

As to the question in this case as to whether or not the wall in question is a party wall, we believe that a party wall in a legal sense of the term can be created only by virtue of a contract between the adjoining owners or by force of statute. It may be acquired by prescription, but since a right so acquired prescribes an agreement or grant thereof, even in such case the right may be said to have been created by contract. Whatever may be the law outside of Ohio, it is well settled in this State by the **10th Ohio State 532.**

> That the rights and liabilities of parties to a party wall agreement must depend upon the provisions of the contract between the parties and the principles of law applicable to those provisions.

**18 N. P. N. S. 549.**

If the wall in question in this case is a party wall it must come within the meaning of the following proposition pertaining to party walls and nature of ownership thereof, which we quote

> "A wall which belongs entirely to one of adjoining owners which is subject to an easement or right in the other to have it maintained as a dividing wall between two tenements."

There is very little in the record upon a careful examination of the same to indicate any agreement between any of the parties hereto or their predecessors in title excepting a reference to the agreement understanding or consent of Mr. Enck to use his own words from the record —"he did not object to the defendant's

building being tied into the wall", and from the fact that when defendant's building was constructed it was tied into the wall by joists without disturbing the frontage and has been maintained in like manner for thirty years. And from the rule expressed as heretofore cited in the 10th Ohio State, that the contract governs in so far as it can be ascertained. This being true the defendant herein has no legal right to do more than the contract called for as evidenced by his use of the wall through all the years.

There is evidence in the record before us to show that by cutting the plaster it will damage the plaintiff in two ways, by marring the appearance of the building and by diminishing its strength. We do not believe that the defendant in this case has the right to tear away the wall in question, after considering that this wall has been erected where it now stands for a period of thirty-six years.

Citing **33rd, OS. 547**

Also

Citing **26 O. L. R. 423.**

An examination of the record before us shows that if the defendant should be permitted to cut off a part of the pilaster as he proposes to do, it will weaken the strength of the same and the wall thereof, and applying the law in this case as set forth in citations hereinbefore referred to, without quoting them in full or great length herein, we must hold that if the defendant were permitted to do so that the same would be an invasion of plaintiff's property rights which defendant has no right to do without plaintiff's consent.

There can be no question in this case but what injunction is the proper remedy and it is our finding that the injunction heretofore granted is made perpetual, so the same judgment will be entered in this Court as was entered in the Court below.

If defendant still desires a finding of facts and conclusions of law, counsel for plaintiff may prepare such for our finding and conclusion as expressed in this Opinion.

Exceptions may be noted.

Sherick, concurs. Houck, not participating.