BOLL, APPELLANT, ET AL., *v.* GRIFFITH ET AL., APPELLEES.

(No. 1819—Decided August 5, 1987.)

*R. William Berry,* for appellant.
*Charles Cooper,* for appellee Robert E. Griffith.
*James Waldo,* for appellee Edna Waldo.

GREY, P.J. This is an appeal from a judgment of the Lawrence County Court of Common Pleas granting defendants-appellees' motion to dismiss plaintiff-appellant's complaint. The court adopted the referee's findings and ruled that the complaint stated a cause of action in negligence which was barred by the statute of limitations found in R.C. 2305.09(D).

In 1978, appellant and appellee Robert E. Griffith were adjoining landowners. They each owned a series of row houses on their respective parcels of land, which were connected by a common brick wall erected directly on the property line between the two parcels. During the winter of 1978, Griffith hired a third party to raze the row houses on his parcel. In 1979, Griffith conveyed his property to appellee Edna Waldo.

Appellant alleges in his complaint that remnants of the razed structures are attached to the party wall, the

weight of which has gradually damaged the wall. We reverse.

Assignment of Error I

"The court erred in dismissing the complaint on the basis of the running of the statute of limitations, as the complaint, [o]n its face, does not conclusively show that the action is barred."

Assignment of Error II

"The court erred in its determination that the complaint failed to state a claim for continuing trespass to real estate."

We will treat appellant's assignments of error together, as both assert the sufficiency of appellant's complaint to state a timely cause of action. Appellant contends that the constant presence of materials affixed to the brick wall, left over from the razing, constitutes a continuing trespass on his property. Further, appellant contends Ohio case law dictates that there is no statute-of-limitations bar to the intentional tort of continuing trespass. Thus, his complaint should not have been dismissed.

Appellee Griffith asserts that the brick wall in question is not a true party wall, but two separate walls that are adjacent to each other. Also, Griffith contends that appellant is actually alleging negligence in the razing of the buildings and is attempting to shape these facts into the tort of continuing trespass because the negligence statute of limitations has already run.

Appellees appear to have styled the motion to dismiss as a Civ. R. 12(B)(6) motion. Accordingly, the court considered only the parties' pleadings before making its ruling. We note, initially, a court may dismiss a complaint for failure to state a claim for which relief can be granted only when it appears beyond a doubt, from the wording of the complaint, that there exists no set of facts which would entitle plaintiff to a recovery. *O'Brien*

v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus. Also, a court may not dismiss a complaint on statute-of-limitations grounds where the statute's bar is not clearly evident from the wording of the complaint. *Durham* v. *Anka Research Limited* (1978), 60 Ohio App. 2d 239, 14 O.O. 3d 222, 396 N.E. 2d 799, paragraph three of the syllabus.

First, we believe appellant's complaint does allege a set of facts which constitutes a cause of action in continuing trespass. As such, we cannot agree that the bar of a statute of limitations is obvious from the face of the complaint. Second, appellant cites sound Ohio case law for the proposition that the statute of limitations is not a bar to the bringing of a suit in this intentional tort.

We believe that appellant states a cause of action in continuing trespass as found in 1 Restatement of the Law 2d, Torts (1965) 277, Section 158, which states in pertinent part:

"158. Liability for Intentional Intrusions on Land

"One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally

"* * *

"(c) fails to remove from the land a thing which he is under a *duty* to remove." (Emphasis added.)

According to Ohio case law, appellee Griffith owed a duty to appellant to use due care in the removal of his structures attached to the party (or common) wall. *Zaras* v. *Findlay* (1960), 112 Ohio App. 367, 16 O.O. 2d 306, 176 N.E. 2d 451, following *Hieatt* v. *Morris* (1860), 10 Ohio St. 523; *Brucks* v. *Weinig* (1929), 34 Ohio App. 1, 169 N.E. 827. Appellant alleges that Griffith breached that duty of due care in not completely removing the rem-

nants of debris affixed to the party wall. This may well be the issue for appellant to attempt to prove at trial.

This is, however, a separate issue from that of whether appellant's complaint is sufficient. Ohio law historically upholds a duty of due care owed by adjoining landowners to one another to protect the legal interest, akin to an easement, they each have in a party wall. *Siferd* v. *Stambor* (1966), 5 Ohio App. 2d 79, 34 O.O. 2d 189, 214 N.E. 2d 106. Appellee Griffith cites no authority, nor are we aware of any, which would preclude the Restatement, *supra*, from contemplating or referring to such a duty. Thus, we are not persuaded that appellant's complaint sounds exclusively in negligence.

Next, we believe that the facts alleged in the case at bar come within the rule of *Valley Railway Co.* v. *Franz* (1885), 43 Ohio St. 623, 4 N.E. 88, for the purpose of the statute of limitations in continuing trespass. See, also, *Norwalk* v. *Blatz* (1906), 9 Ohio C.C. (N.S.) 417, 19 Ohio C.D. 306. The Restatement definition of "continuing trespass" is not to be found in these cases; however, both *Franz* and *Blatz* concern the gradual wearing away of land by the action of a wrongful water flow and the court in *Blatz* wrote in part:

"* * * [A]s to such continuing trespass and continuing and permanent results, the four years [*sic*] statute shall not apply, even though the initial step and successive steps of such wrongdoing occurred long prior to such four years [*sic*] period[,] * * * the trespass being of a continuing nature, so long as it was continued there was constantly arising a fresh wrong and fresh damage from such continuation of the act." *Id.* at 427, 19 Ohio C.D. at 314.

Griffith contends that an alleged one-time mistake in the demolition of a structure does not constitute continu-ing trespass, and distinguishes the facts in the case at bar from *Franz, supra,* which involved the constant flow of water. We, however, agree with appellant that the constant weight of the debris, alleged to be gradually weakening the wall, is not distinguishable from the eroding force of flowing water, for the purpose of the statute of limitations.

Finally, we reverse the trial court's judgment as to appellee Edna Waldo. It is true that Mrs. Waldo, the subsequent purchaser of appellee Griffith's land, was not involved in the razing of the structure alleged to have caused the continuing trespass. However, Mrs. Waldo has failed to remove the remnants of the razed structure which has contributed to the alleged damage of appellant's building. Appellant's claim that Mrs. Waldo had a duty to remove the remnant materials and that her failure to do so constituted a continuous trespass also states a claim for relief.

Therefore, we sustain the assignments of error as to both appellees and reverse and remand the case for further proceedings.

*Judgment reversed
and cause remanded.*

STEPHENSON and ABELE, JJ., concur.