OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court, the parties' briefs, and their oral argument before this court. Plaintiffs-Appellants, Helen Weir, James Boyd, Gary Ripley, and Darlene Ripley, appeal the decision of Mahoning County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee, East Ohio Gas Company, on their three claims of trespass, nuisance and negligence, with each claim alleging multiple instances of tortious conduct. The issue we must resolve is whether the statute of limitations had expired for each instance of tortious conduct alleged in the complaint. We conclude the trial court properly dismissed most of the claims challenged in East Ohio's motion for summary judgment based upon the running of the applicable statute of limitations. However, we also conclude the trial court erred by dismissing the case in its entirety on this basis. In both their complaint and their motion in response to summary judgment, the appellants have alleged underlying facts in support of their claims for negligent remediation and trespass by persons which clearly fall within the applicable statute of limitations. Accordingly, we affirm in part and reverse in part the decision of the trial court and this cause is remanded so that the parties may fully litigate the remaining two claims which are not barred by the applicable statute of limitations.
 {¶ 2} In October of 1989, both natural gas and crude oil were released onto Appellants' properties. In 1997, based upon East Ohio's failure to adequately remediate the site, Appellants filed a federal action to force East Ohio to conduct a proper and thorough remediation of their properties. The federal action was resolved through a settlement agreement in which East Ohio agreed to remediate the site by July 15, 1998. Appellants claim no remediation activities were conducted on their properties. However, during East Ohio's remediation efforts on other property, over 90,000 gallons of water per minute was diverted onto Appellants' properties.
 {¶ 3} On May 21, 1999, Appellants filed a complaint against East Ohio sounding in trespass, nuisance, and negligence. Notably, the complaint broke down these three claims into several more specific instances of alleged tortious conduct. East Ohio moved for summary judgment on all of Appellants' claims asserting that the statute of limitations had run for all of them. The trial court granted summary judgment on all of Appellants' then remaining claims despite Appellants' contention that substantive issues within two of the general claims remained unresolved. It is from that judgment that Appellants now appeal.
 {¶ 4} As their sole assignment of error, Appellants assert:
 {¶ 5} "The trial court erred in granting Defendant's Motion for summary judgment."
 {¶ 6} Review of appeals taken from the trial court's decision to grant summary judgment is de novo. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 506 N.E.2d 212. This court applies the same standard on review of a motion for summary judgment as the trial court did when it granted the motion. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198.
 {¶ 7} Since summary judgment is a fairly drastic means of terminating litigation, it should be undertaken with caution, resolving all doubts against the moving party. Osborne v. Lyles (1992),63 Ohio St.3d 326, 333, 587 N.E.2d 825. Summary judgment is proper only where the court concludes, after viewing the record in a light most favorable to the nonmoving party, that there exists no genuine issue of material fact and therefore, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Russell v.Interim Personnel, Inc. (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186; Civ. R. 56(C).
 {¶ 8} The party seeking summary judgment must inform the trial court of the basis for its motion and identify the parts of the record that demonstrate that it is entitled to judgment as a matter of law.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Where the initial burden is met, the nonmoving party must then demonstrate that there is a genuine issue for trial. Lovejoy v. Westfield Nat. Ins. Co.
(1996), 116 Ohio App.3d 470, 474, 688 N.E.2d 563, citing Dresher at 295.
 {¶ 9} First, Appellants brought an action against East Ohio for negligence. To sustain a claim of negligence, a plaintiff must show a duty owed by defendant to a plaintiff, a breach of that duty, injury or damages, and the existence of proximate cause between the breach and the injury or damages. See Menifee v. Ohio Welding Prod., Inc. (1984),15 Ohio St.3d 75, 15 OBR 179, 472 N.E.2d 707.
 {¶ 10} Appellants' based their more general claim of negligence upon the following more specific instances of alleged tortious conduct: 1) East Ohio's negligence in causing the leak; 2) their negligent failure to adequately and promptly remove the contamination arising from the leak; and, 3) their negligent remediation of the site. For the sake of clarity, we will discuss these more specific claims in turn.
 {¶ 11} First, with regard to Appellants' claim East Ohio negligently caused the leak, we find the statute of limitations has run. The parties agree the leak occurred in the fall of 1989 and was discovered on or about October 29, 1989. Accordingly, summary judgment was proper with respect to that portion of Appellants' claim.
 {¶ 12} Appellants' second negligence claim asserts East Ohio was negligent for failing to timely and adequately remediate the contaminated property. Appellants argue East Ohio has the ongoing duty of removing the contaminants from their property and that East Ohio continues to breach that duty until all contaminants are removed from their property. Although Appellants have failed to establish either a common law or statutory duty on the part of East Ohio to do so, the existence of a duty in a negligence action is a question of law for the court to determine.Mussivand v. David (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265. Therefore, we must review the facts de novo and decide whether a duty to remediate exists. See Ohio Bell Tel. Co. v. Pub. Util. Comm. (1992),64 Ohio St.3d 145, 147, 593 N.E.2d 286, Tamarkin Co. v. Wheeler (1992),81 Ohio App.3d 232, 234, 610 N.E.2d 1042.
 {¶ 13} It does appear the federal settlement agreement signed by the parties established a duty to remediate the property. However, any breach of that particular duty would be out of this court's and the trial court's jurisdiction. The more appropriate remedy would be to pursue violation of the settlement agreement in federal court. Appellants have failed to demonstrate a duty, beyond the terms of the federal settlement agreement, and we cannot discern the existence of any duty on the part of East Ohio to clean up their property. Thus, Appellants' claim that Ohio Edison failed to remediate the site, and was therefore negligent, fails because, without a duty, there can be no breach.
 {¶ 14} With respect to their general negligence claim, Appellants more specifically argue East Ohio was negligent in its attempt to remediate their property. Appellants claim "90,000 gallons of water per minute was being discharged onto their properties during Defendant's attempted remediation in 1998." Since this claim clearly falls within the four-year statute of limitations, we conclude it was error for the trial court to dismiss this particular claim as being untimely. Moreover, we decline to look further than the statute of limitations issue and reach the merits of this particular claim.
 {¶ 15} The Ohio Supreme Court has held that "[a] party seeking summary judgment must specifically delineate the basis [for the motion] in order to permit the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 116, N.E.2d 798. If a party files a motion based upon some, but not all, issues in a case, the trial court should restrict its ruling to those matters raised. Ferro Corp. v. Blaw Knox Food Chem. Equip. Co. (1997),121 Ohio App.3d 434, 443-444, 700 N.E.2d 94. The merits of the negligent remediation claim were neither raised nor addressed by Ohio Edison in their motion for summary judgment. Instead, Ohio Edison limited its argument to the untimeliness of the claim. Accordingly, we reverse and remand Appellants' claim of negligent remediation in 1998.
 {¶ 16} Having fully discussed Appellants' claim of negligence, we now turn to Appellants' second general claim, that of trespass. Appellants asserted a claim of trespass against East Ohio based upon the contamination that allegedly remains on their properties. To state a cause of action in trespass a property owner must prove two essential elements: 1) an unauthorized intentional act, and 2) an intrusion that interferes with the owner's right of exclusive possession of her property. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,717, 622 N.E.2d 1153.
 {¶ 17} Both parties agree the leak that caused the contamination of the properties occurred in the fall of 1989. However, while Appellants argue the contaminants remain on their properties and constitute a continuing trespass, East Ohio maintains the alleged contamination should be characterized as a permanent trespass. The significance in the distinction is that if the actions are a continuous trespass, the statute of limitations has not yet run. Conversely, if the actions are deemed a permanent trespass, then the four-year statute of limitations found in R.C. 2305.09(D) for damage to real property applies in this case and the statute bars Appellants' claim. Velotta v. Leo Petronzio Landscaping,Inc. (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147.
 {¶ 18} A continuing trespass or nuisance occurs when the defendant's tortious activity is ongoing, perpetually creating fresh violations of the plaintiff's property rights. The damage caused by each fresh violation is an additional cause of action. Valley Ry. Co. v.Franz (1885), 43 Ohio St. 623, 627, 4 N.E. 88, 91; Haas v. SunsetRamblers Motorcycle Club, Inc. (1999), 132 Ohio App.3d 875, 878,726 N.E.2d 612; Davis v. Allen (Jan. 18, 2002), 1st Dist. Nos. C-010165, C-010202, C-010260; Frisch v. Monfort Supply Co. (Nov. 21, 1997), 1st Dist. No. C-960522. Conversely, a permanent trespass, for which but one action lay, occurs when the defendant's tortious act has been fully accomplished but injury to the plaintiff's estate from that act persists in the absence of further conduct by the defendant. Franz at 625; Haas
at 878; Davis; Frisch.
 {¶ 19} In Frisch, the court ruled that a permanent trespass was committed and the statute of limitations began to run on the date a sewage-treatment system was incorrectly installed in a newly built house that the plaintiff later purchased. The plaintiff in that case argued that because she continued to suffer damages to her property caused by sewage spilling from the faulty system into her back yard, the situation was a continuing trespass and each new incident of damage triggered a new cause of action so her suit was timely because she sued within four years of the last incident of damage. The First District disagreed:
 {¶ 20} "This case involves a permanent rather than a continuing trespass or nuisance. The damage to Frisch's property occurred when the home-aeration system was improperly installed. The tortious act was completed at that time, and there was no ongoing conduct by the defendants even though damage to Frisch's property continued. Therefore,Frisch's cause of action accrued in 1987 when she had notice that the system was defective. Since her complaint was not filed until 1995, well outside of the four-year statute of limitations, it was time-barred." Id. at 3.
 {¶ 21} In Hartland v. McCullough (July 14, 2000), 6th Dist. No. OT-99-058, the Sixth District found the facts in that case to be analogous to those found in Frisch. In Hartland, the appellant alleged in his complaint he owned property along LaCarpe Creek in Ottawa County, Ohio. He said the appellee was granted a permit to dredge the creek and did dredge the creek from May 16 to July 3, 1993. He further alleged the appellee dumped extreme amounts of fill from the dredging operation onto his land without his knowledge or permission. He claimed the appellee's actions caused permanent and temporary damage to his real and personal property. The Hartland court concluded the trial court did not err when it reached the conclusion, as a matter of law, that the actions of appellee were at most a permanent trespass, and that the four-year statute of limitations found in R.C. 2305.09 that applies to causes of action for a permanent trespass applied in that case. Id. at 7.
 {¶ 22} Conversely, in Davis, the First District found defendant City's actions in that case to be a continuous trespass. In Davis, a third party negligently dumped an excessive quantity of fill dirt on the City's property, which adjoins the plaintiff's property. The dumping caused a landslide on the plaintiffs' property on May 15, 1995, which caused substantial damage. Subsequently, the City supervised the removal of the debris from the plaintiff's property and the erection of a fence designed to prevent further landslides. The City entered into a contract to demolish and haul away debris from the property, to remove debris from a damaged garage and retaining walls, to remove excessive fill dirt, and to grade and seed the property.
 {¶ 23} Nevertheless, a second landslide occurred in January 1996, and the plaintiffs notified the City. Two city building inspectors then directed and supervised the removal of debris and a damaged retaining wall, the cutting down of trees, and the erection of fences at the top of the hill on both pieces of property. Despite the City's efforts, more landslides occurred in 1997, 1998 and 1999.
 {¶ 24} The First District concluded the plaintiffs pleaded sufficient facts to show a continuing trespass explaining:
 {¶ 25} "This case is distinguishable from Frisch, supra, where the entire injury was caused by one act of the defendants: in that case, the improper installation of a home-aeration system. In this case, the continuing failure of the appellees to remedy the problem on the Lossing Street property and the landslides caused by that failure were fresh injuries and caused continuing damages to the [appellants]." Id. at 2.
 {¶ 26} Likewise, in Boll v. Griffith (1987), 41 Ohio App.3d 356,535 N.E.2d 1375, the court concluded appellant stated a cause of action in continuing trespass when appellee failed to remove heavy debris on his side of the parties' common wall after demolishing part of the wall. The court determined the appellee owed a duty to appellant to use due care in the removal of his structures attached to their common wall and that appellee breached that duty of due care in not completely removing remnants of debris affixed to that wall. The Boll court found the facts to fall within the rule of Franz despite appellee's contention that an alleged one-time mistake in the demolition of a structure does not constitute continuing trespass. The court agreed with appellant that the constant weight of the debris, alleged to be gradually weakening the wall, was not distinguishable from the eroding force of flowing water inFranz for the purpose of the statute of limitations. Boll at 357-341.
 {¶ 27} Although the facts in these four cases appear to be similar, they are distinguishable in that the parties deemed liable for a continuous trespass retained control over the source of the trespass. InDavis, the defendant had control over the pile of debris that created the landslides. Similarly, in Boll, the defendant had control of the heavy debris that was damaging the common wall. Conversely, the defendant inFrisch had no control over the sewage-treatment system it had previously installed. Likewise, in Hartland, the defendant retained no control over the dredge it placed on the plaintiff's property.
 {¶ 28} In the present case, it appears East Ohio was responsible for only one tortious act, namely, the leak that occurred in 1989. Although the leak allegedly left contaminants on the property, East Ohio did not have control over the property or the contaminants. Therefore, East Ohio is not liable for a continuous trespass. Accordingly, we find that portion of Appellants' complaint was properly dismissed on summary judgment as being untimely.
 {¶ 29} Finally, we must address Appellants' third and final general claim of nuisance. Appellants again break down their claim into much more specific grounds. First, Appellants maintain the actual contamination of their property constitutes a continuous nuisance. Second, Appellants claim the unidentified persons trespassing on their property for the purpose of inspecting the contamination constitutes a nuisance.
 {¶ 30} We will first address Appellants' claim that the alleged contamination on their property constitutes a nuisance. We begin by determining whether the nuisance alleged may properly be characterized as continuing or permanent in nature. Much like a continuous trespass, a continuing nuisance arises when the wrongdoer's tortious conduct is ongoing, perpetually generating new violations. Frisch. Conversely, a permanent nuisance occurs when the wrongdoer's tortious act has been completed, but the plaintiff continues to experience injury in the absence of any further activity by the defendant. Id. In Franz, the Ohio Supreme Court explained:
 {¶ 31} "When a man commits an act of trespass upon another's land, and thereby injures such other at once and to the full extent that such act will ever injure him, he is liable at once for this one act and all its effects; and the time of the statute of limitations runs from the time of such act of trespass." Id. at 625.
 {¶ 32} The court continued, "This language refers to a "permanent trespass or nuisance, for which but one action lies, and for which damages may be awarded in solido." Id. Here, Appellants first claim regarding nuisance can be disposed of in the same manner as their trespass claim. The nuisance arose from East Ohio's single tortious act, the 1989 leak. Thus, Appellants' claim for nuisance as it relates to the contaminants on their property was a permanent nuisance. As such, this claim was properly dismissed on summary judgment as being untimely.
 {¶ 33} We must next address Appellants' contention that unidentified persons entering their property "at all times of the day and night" for the alleged purpose of inspecting the contamination" constituted a nuisance. It is evident from the record these particular acts committed by East Ohio clearly occurred within the four-year statute of limitations as the parties concede the remediation did not commence until 1998. Therefore, the trial court erroneously dismissed this portion of Appellants' nuisance claim as being time-barred. Again, we decline to look further than the statute of limitations issue and reach the merits of this particular claim as it was not addressed by the parties at the trial court level. Accordingly, Appellants' claim for nuisance arising out of East Ohio's remediation efforts must be remanded to the trial court.
 {¶ 34} In conclusion, we find that the trial court properly granted summary judgment on the majority of issues raised in the complaint. Specifically, we find the 1989 leak was a single act which deposited contaminants on Appellants' property, the effects of which, and not the conduct of East Ohio was continuous and therefore a permanent trespass or nuisance. However, we also conclude the trial court erred in dismissing the lawsuit in its entirety because there remained two issues for the parties to litigate. Clearly, the alleged discharge of 90,000 gallons of water per minute over the property of Appellants' and the purported trespass by persons across the property of Appellants occurred within the statute of limitations. Therefore, Appellants' claim of negligence and nuisance regarding remediation efforts are hereby reinstated.
 {¶ 35} Accordingly, the decision of the trial court is affirmed in part, reversed in part and this cause is remanded to the trial court for further proceedings according to law and consistent with this Court's opinion.
Vukovich and Donofrio, JJ., concur.