OPINION
{¶ 1} Plaintiffs-appellants, Catherine and Jerome Craver, appeal the decision of the Clermont County Court of Common Pleas, granting summary judgment to defendant-appellee, Daniel Doogan. The trial court found appellants' claim was time-barred.
 {¶ 2} In September 1999, appellants entered into a rental agreement with appellee. They rented a home that he owned in Batavia, Ohio. The following spring, appellants discovered that the residence's roof was leaky and needed to be repaired or replaced because water leaked into all areas of the house. Around that time, appellants began to suffer from physical ailments including sinus troubles, aches and pains, fatigue, memory loss, swollen joints, and rashes.
 {¶ 3} Also in the spring of 2000, appellants first observed what they believed was mildew on the walls. Appellants applied a paint primer and painted over what was later determined to be mold and not mildew. The roof was not repaired. In February 2001, the amount of mold increased and spread throughout the home's bedrooms. Appellants left the property in May 2001.
 {¶ 4} On July 31, 2001, appellants filed a complaint against appellee. Pursuant to Civ.R. 41(A), appellants voluntarily dismissed their claim on February 4, 2003. On July 29, 2003, appellants refiled their claim in the present matter alleging personal injuries caused by appellee's negligent failure to repair defects in the residence. Appellee moved for summary judgment. The trial court found that appellants' claim fell outside of the applicable statute of limitations and granted appellee's motion. Appellants appeal raising the following single assignment of error.
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFSA-PPELLANTS IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE REGARDING THE ISSUE OF PERSONAL INJURY."
 {¶ 6} Appellants argue that the trial court erred when it granted summary judgment in favor of appellee and found appellants' claim to be time-barred. They allege that the trial court improperly applied the continuous tort doctrine to their personal injury case. Appellants also argue that their claim falls within the savings statute of R.C. 2305.19.
 {¶ 7} Civ.R. 56(C) provides in part that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. An appellate court's standard of review on appeal from a summary judgment is de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296.
 {¶ 8} To determine whether a cause of action is time-barred, the court considers the following: (1) what is the nature of the claim being asserted; (2) what statute of limitations applies to the claim; and (3) when did the cause of action accrue. SeeBrowning v. Burt, 66 Ohio St.3d 544, 556-558, 1993-Ohio-178. The actual nature or subject matter of the complaint, and not the form pleaded, determines the applicable statute of limitations.Hunter v. Shenango Furnace Co. (1988), 38 Ohio St.3d 235, 237.
 {¶ 9} In this case, the basis for the action was the personal injuries suffered by appellants that were allegedly caused by appellee's failure to repair, maintain, and replace the leaking roof. Appellants sought compensatory damages for these personal bodily injuries. Accordingly, R.C. 2305.10 is the applicable statute of limitations for this negligence action.
 {¶ 10} R.C. 2305.10 provides, in pertinent part, the following: "[A]n action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."[1] Generally, a cause of action accrues at the time the wrongful act was committed. Harris v. Liston,86 Ohio St.3d 203, 205, 1999-Ohio-159. The trial court applied the continuing tort doctrine in this case and determined that the cause of action accrued on the date that the alleged tortious conduct ceased. We agree.
 {¶ 11} The statute of limitations does not usually begin to run until a tort is complete. See Restatement of the Law 2d, Torts (1979), Section 899, Comment c. In the instance of a continuing act, there is constant, new damage until the conduct stops. See Boll v. Griffith (1987), 41 Ohio App.3d 356, 358
(statute of limitations not a bar to action of continuing trespass when constant weight of removed debris allegedly weakened party wall between adjoining landowners). See, also,Harper v. Union Sav. Assn. (N.D.Ohio 1977), 429 F.Supp. 1254
(mortgagors alleging foreclosure on account of race filed within statute of limitations when cause of action arose on date they would have been dispossessed but for court's temporary restraint upon the state court's writ of possession). Application of the continuing tort doctrine favors the plaintiff by extending the statute of limitations to include the most recent tortious conduct.
 {¶ 12} The Ninth District Court of Appeals applied the continuing tort doctrine in Spriestersbach v. Ohio Edison Co.
(Nov. 1, 1995), Lorain App. No. 95CA006026, a case involving stray electrical voltage caused by Ohio Edison's electrical equipment. In Spriestersbach, periodic electric shocks injured the plaintiffs' dairy herd over a period lasting more than a decade. Because the alleged wrongdoing was of a continuing nature that constantly arose a new wrong and new damage, the court held that cause of action did not accrue until the defendant removed and replaced three transformers and the stray voltage problem was eliminated. See, also, Barr v. Ohio Edison Co. (Feb. 15, 1995), Summit App. No. 16629.
 {¶ 13} In this case, appellants moved into the property in September 1999. In the spring of 2000, appellants discovered that the roof was leaking water into all areas of the house. They also observed what was later discovered to be mold on the house's bedroom and living room walls. Appellants began to suffer from physical ailments due to their exposure to the growing mold. Appellee was notified of the problem and had promised to replace the roof, but the repair was never completed.
 {¶ 14} In February 2001, more mold was discovered. It had spread from ceiling to baseboard in the bedrooms and around window frames. On several occasions, appellants applied Kilz, a paint primer, and repainted the walls, but the mold continued to reappear. Appellants eventually moved from the property in May 2001.
 {¶ 15} The cause of action accrued when appellants moved from the property, thereby ending their exposure to the continuing tort. Appellants filed their complaint in the present action on July 29, 2003, outside of the two-year statute of limitations period under R.C. 2305.10 which had passed in May 2003.
 {¶ 16} Appellants argue that they are entitled to the savings statute provided by R.C. 2305.19. We find this argument to be without merit.
 {¶ 17} R.C. 2305.19 provides, in pertinent part, the following:
 {¶ 18} "In an action commenced, or attempted to be commenced, if in due time, * * * the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within a year after such date."
 {¶ 19} Appellants erroneously assume their cause of action accrued in the spring of 2000 when physical symptoms began to appear. As previously discussed, the actual accrual date occurred in May 2001. Appellants' original complaint was filed on July 31, 2001. Appellants voluntarily dismissed this complaint pursuant to Civ.R. 41(A) on February 4, 2003 within the two-year statute of limitations. The savings statute is not applicable to appellants' refiled complaint because appellants' voluntary dismissal took place before the statute of limitations expired. See Armbrust v.United Telephone Co. (1997), 119 Ohio App.3d 497, 501.
 {¶ 20} Accordingly, we find that the trial court did not err when it granted appellee's motion for summary judgment because appellants' claim was time-barred.
Young and Bressler, JJ., concur.
[1] In State ex rel. Ohio Academy of Trial Lawyers v.Sheward, 86 Ohio St.3d 451, 1999-Ohio-123, the Ohio Supreme Court held that Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, violated the one-subject provision of Section 15(F), Article II of the Ohio Constitution and was unconstitutional in its entirety. Subsequently, the General Assembly repealed H.B. 350 and revived and emended the former version in Section 201, Am.Sub.S.B. No. 108, 149 Ohio Laws, Part V, 382. For purposes of this appeal, the distinction between versions is irrelevant.